### PERIGO v. THE C., R. I. & P. R. Co.

1. **Master and Servant:** EMPLOYE: WAIVER OF DEFECT. An employe who knows, or by the exercise of ordinary diligence could know, of defects in the things about which he is employed, and continues in the service without objection and without promise of change, waives all right to recover for injuries caused thereby, and this waiver cannot be affected by the particular situation in which he may be placed, or the rapidity and promptness with which he is required to act at the time of the injury.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 27.

THE plaintiff, as administratrix of the estate of V. R. Perigo, deceased, alleged that through the negligence of the defendant an injury was inflicted upon the said V. R. Perigo, causing his death, and claims on account thereof the sum of $20,000. There was a jury trial, and a verdict and judgment for plaintiff for $5,000. The defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Bryan & Bryan,* for appellee.

DAY, J. The evidence shows that the defendant erected a coal platform between two of its tracks at Winterset, and for 1. MASTER and servant: employe: waiver of defect. convenience in unloading and taking on coal placed it so near one of the tracks that a passenger car moving along the track passed within seven inches of the platform at one end, and within four and one-half inches of it at the other end. At the time of the accident the platform had been erected, and in the same position, for two or three years. The deceased was a baggageman on

the defendant's passenger train, and it was his duty to assist in making up the train. He had been in this employment more than two years, and had assisted in making up the train nearly every day during that time. In making up the passenger trains the cars were moved along the track past the coal platform. The evidence tends to show that the deceased, in making up the train, was knocked off the car by the coal platform, and injured to an extent resulting in his death. The only negligence complained of on the part of the defendant is the erection of the coal platform so close to its tracks.

The defendant asked the court to instruct the jury as follows: "If you believe from the evidence in this case that the proximity of said coal platform to the track and to cars as they passed was plain and apparent, and the liability to injury therefrom manifest, and that deceased knew of such proximity, or by the exercise of ordinary care to avoid injury to himself might have known, and with such knowledge, or opportunity of knowledge, remained in defendant's employ, and continued to work in the vicinity thereof without objection or protest, and without promise of amendment, then plaintiff cannot recover in this action." The court refused to give this instruction as asked, but gave it with the following modification: "Unless you further find from the evidence that in this particular case and instance the service to be performed, in line of deceased's duty, was of such a character as to require that his exclusive attention should be fixed upon it, and that he should act with rapidity and promptness."

This action of the court is assigned, and principally insisted upon in the argument, as error.

It is now the established doctrine of this court, in harmony with the current of authority elsewhere, that an employe who knows, or by the exercise of ordinary diligence could know, of any defects or imperfections in the things about which he is employed, and continues in the service without objection, and without promise of change, is presumed to have assumed all the consequences resulting from such defects, and to have waived all right to recover for injuries caused thereby. *Muldowney v. Illinois Central R'y Co.*, 39 Iowa, 615; *Kroy v.*

*C., R. I. & P. R. Co.*, 32 Id., 357; *Way v. The Illinois Central R'y Co.*, 40 Id., 341; *Lumley v. Caswell*, 47 Id., 159. Under these authorities, the instruction asked should have been given, and the modification of it is erroneous. The doctrine of these cases is that the negligence of the defendant, in furnishing defective or improperly constructed machinery and implements, is waived by remaining in the employment without protest or promise of amendment. The waiver of the negligence of the defendant places the case in the same position as though the defendant had not been negligent; and without the negligence of the defendant there can be no recovery. This waiver cannot be affected by the particular situation in which the employe may be placed, or the rapidity and promptness with which he may be required to act at the time of the accident. These questions may, very properly, bear upon the question of the contributory negligence of the employe, but they can have no bearing upon the question whether the defendant has been guilty of negligence, about which the employe has a legal right to complain.

The appellee relies, and the court probably based its modification, upon *Greenleaf v. The Dubuque & Sioux City R'y Co.*, 33 Iowa, 52. It is apparent, from an examination of that case, that the instruction which was approved, and which contains substantially the language of this modification, was given upon the question of the plaintiff's contributory negligence. As applied to such question, these considerations are proper. They can have no bearing upon the question whether the employe has waived defects by continuing in the employment.

The ninth instruction given by the court bears upon the question of the contributory negligence of the plaintiff, and is not erroneous. For the error in the modification considered, the judgment is

REVERSED.