## PERIGO v. THE C. R. I. & P. R. Co.

1. **Railroads:** INJURY TO EMPLOYE: INSTRUCTION. An instruction considered, and held to assume the existence of a material fact in issue.

2. ——: ——: NEGLIGENCE. The fact that an employe knows, or could know by ordinary care, of defects in the appliances about which he works which render his employment more than ordinarily hazardous, and still remains in the employment until he is injured, tends to show contributory negligence, but is not conclusive of such negligence.

3. ——: ——: EVIDENCE. Statements made by one fatally injured, as to the cause of the injury, so far as they are treated as admissions, should be considered by the jury in connection with all the circumstances under which they were made, and given such weight as the jury believe them entitled to.

4. ——: ——: ——. In an action to recover for the injury of an employe of a railroad, it is not necessary for the plaintiff to show by direct and positive evidence that such employe was at the time of the injury in the line of his duty, and exercising proper care, but it is sufficient if such is the reasonable inference from the facts proven. Such inference cannot be drawn, however, where the facts are simply not inconsistent with it.

*Appeal from Polk Circuit Court*

THURSDAY, DECEMBER 16.

ACTION to recover for personal injuries sustained by the plaintiff's intestate while employed by the defendant as a brakeman. No witness testifies as to how the accident occurred, but the evidence shows sufficiently that the deceased must have fallen from the cars while in motion. The accident occurred near where a coal platform had been erected very near to the track. The plaintiff's theory is that the deceased was knocked from the cars by the platform, and she avers that the defendant was guilty of negligence in erecting the platform so near the track. The defendant denies all negligence upon its part, and avers that the deceased was guilty of contributory negligence. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals

*Wright, Gatch & Wright,* for appellant.

*Bryan & Bryan,* for appellee.

ADAMS, CH. J.—I.    The deceased when last seen prior to the accident had just uncoupled a car from the rest of the train, and stepped aboard, and was entering a passenger car.    The train moved off, and he was next seen under the coal platform, and after the accident had occurred.    Between the platform and the passenger car, as it passed, was a space of only about seven inches.    If the decedent while riding upon the steps of the passenger car had allowed his body before reaching the coal platform to swing out more than seven inches beyond the car, and to remain in that position until the platform was reached, he must have been struck by it.    The evidence, however, shows that the steps of the car were covered with sleet, and were slippery.    It is possible, therefore, that he was not knocked off by the platform, but fell by slipping.    Whether he was knocked off by the platform or not was a material question for the jury to determine.    The appellant contends that the question was not properly submitted, but that the court assumed that the accident occurred by reason of the platform, and proceeded to instruct the jury upon this theory. In the first instruction, given at the request of the plaintiff, the court said:    "If you find from the evidence that the coal platform by which the deceased was injured was built so near the track of the defendant's road as to unnecessarily endanger the defendant's employes on duty at that place, then you are charged as a matter of law that the defendant was guilty of negligence, and you should find for the plaintiff unless you find that the deceased was guilty of negligence directly contributory to his injury."    It is abundantly evident that if the words "by which the deceased was injured" had been omitted from the instruction, it would have been erroneous.    It would have made the defendant's liability depend upon the mere

*[margin note: 1. RAILROADS: injury to employe: instruction.]*

fact that the platform was erected within dangerous proximity to the track, and without regard to whether the deceased was struck by it or not. If the instruction can be sustained, it must be because the words " by which the deceased was injured" submitted the question whether the deceased was injured by the platform or not. Now, if by any stretch of construction those words could be considered as submitting the question, it appears to us that it is not a fair and proper way of submitting it. It carries upon its face the assumption that there is no such question. Possibly the objection might be deemed to have been obviated if the question had been distinctly and fairly submitted elsewhere. But we look in vain for any other instruction upon this point.

In defense of the instruction our attention is called by the appellee to *Greenleaf v. The Illinois Cent. R. Co.*, 29 Iowa, 14 (42). In that case the words " the car which produced the accident" were held to be unobjectionable, and upon the ground that they merely designated the car which the plaintiff claimed was defective in its construction. That case differs from the case at bar. In the case at bar the court had no occasion to distinguish the platform in question from other platforms. Beside, in the case cited it is stated as a fact that the decedent was thrown or compelled to jump from a certain car; about this there appears to have been no controversy. The question was as to whether the car was defective, and this question appears to have been fairly submitted.

The instruction under consideration is further objected to by appellant because it excludes from the consideration of the jury the question as to whether the decedent did not waive the negligence of the appellant, if there was any. There is some doubt in our minds whether under the answer there is any question of waiver in the case. The appellee, as we understand, contends that there is not, because the answer is silent upon it. The question as to the sufficiency of the answer in this respect is not argued by counsel upon either side, and we shall not pass upon it. The case must be re-

manded, and the answer can be amended if the counsel for the defendant shall deem it necessary.

II. The appellant asked an instruction in these words: " If the jury believe from the evidence that the deceased while in the employment of the defendant was about and performed duties in the vicinity of said coal platform daily or almost daily for a year or more, that the proximity of said platform to the cars as they passed was plain and apparent, and that he knew, or by the exercise of ordinary care to avoid injury to himself might have known, of such proximity, and that with such knowledge or opportunity for knowledge he leaned out from said car so as to be in reach of said platform, and while in such position he was struck thereby, he was guilty of negligence and want of ordinary care, and plaintiff cannot recover in this action." The court refused to give this instruction, and the defendant excepted.

*2. ——: ——; negligence.*

The instruction, we think, was properly refused. A person is not necessarily guilty of negligence because he does not avoid a known danger. *Greenleaf v. The Dubuque & Sioux City R. Co.*, 33 Iowa, 52 (57). The fact of knowledge of the danger on the part of the plaintiff may be given in evidence as a circumstance tending to show negligence.

In this connection it is proper to observe that, where the plaintiff has waived the defendant's negligence, no inquiry need be made as to whether the plaintiff has been guilty of contributory negligence. But there may be knowledge on the part of the plaintiff of the defendant's negligence without a waiver, as where the plaintiff has protested, or has been promised amendment. In such case knowledge on the part of the plaintiff goes to the question of his contributory negligence, and that only. But it is not, as the instruction claims, conclusive.

III. The defendant put in evidence a statement of the deceased made after his injury, which was to the effect that at the time of the accident he was looking under the baggage car, and that if he had been attend-

*3. ——: ——; evidence.*

ing to his business properly the accident would not have happened.

With reference to this evidence the plaintiff asked an instruction in these words: "The statement, if any, made by the deceased shortly after the accident, concerning the way in which he received the fatal injury, will be carefully considered by you with all the circumstances connected therewith, his suffering, and whether he was in a condition to speak with mature consideration and due deliberation, and then you are to give his statement such weight as you may believe from all the circumstances it is entitled to. And such statement of the deceased will not be conclusive of the truth of what he stated, but you will consider all the testimony in relation to such matters, and then come to such conclusion in relation thereto as in your judgment the whole evidence will justify." The court gave the instruction as asked, and the defendant excepted. It is insisted by the defendant that the instruction carries an implication that, if the deceased did not speak with "mature consideration and due deliberation," his statement would be entitled to little, if any weight.

The instruction does not to our mind clearly carry such implication, and we are not prepared to say that it contains reversible error; yet in view of the fact that there must be another trial, we are unwilling to say that it meets our unqualified approval. It has the characteristics of an instruction drawn by counsel. As is often the case in such instructions, it has the appearance of an attempt to create an undue bias in favor of the party in whose behalf the instruction is asked, without introducing into it actual reversible error. This court has frequently suggested that in such case it would be better if the trial court would refuse the instruction asked, and substitute one of its own.

It is a well known fact that, where a person is prostrated by a fatal accident, the mental powers are usually more or less affected. Where such is the case, the statements of the person cannot be said to be as fully reliable as they would

otherwise be. But this is. not a matter of law. If the court had instructed the jury that the statement of the deceased, so far as it is to be treated as an admission, should, like all other admissions, be considered in connection with the circumstances under which it was made, and such weight given it as it appeared to be entitled to in view of the circumstances, we think the court would have announced all the law there is upon the point.

IV. The plaintiff asked an instruction in these words: "The plaintiff is not required to produce direct and positive testimony, showing that the deceased when injured was in the line of his duty, and in the exercise of proper care and diligence. The law only requires the highest proof of which the case is susceptible, and that can reasonably be made. These facts may be established by circumstantial as well as positive testimony. In determining these matters, the jury can take into consideration what the deceased was doing a moment before the injury, and what duties he had to perform, together with all the facts and circumstances surrounding him at the time, and you should give due weight to the instincts and feelings which naturally lead men to avoid injury and preserve their own lives, and in the light of all the evidence, properly weighed, the jury have the right to infer that the deceased, when he received the fatal injury, was in the line of his duty, and in the exercise of proper care and diligence, if such inference is in perfect harmony with all the facts established by the evidence in the case." The court gave the instruction and defendant excepted.

The defendant objects particularly to the last words of the instruction, in which the jury was told that they might infer that the deceased was in the line of his duty and in the exercise of proper care, if such inference was in perfect harmony with the established facts.

We can conceive that facts might be relied upon by the plaintiff, which really had no bearing upon the question as to whether the deceased was at the time of the accident in the

line of his duty, and in the exercise of proper care. Such facts would not be inconsistent with the inference in question, and in that sense might be said to be in harmony with it. Taking the word harmony in that sense, we think the instruction would be wrong. Strictly the word means a little more than a mere want of inconsistency, and in this strict sense the instruction might possibly be held to be correct. But we should not be justified, we think, in sanctioning an instruction of such doubtful meaning, and one which might so easily mislead.

The rule of law upon the point in question is, we think, a very obvious one, and very easily expressed.

It was not necessary for the plaintiff to show by direct and positive evidence that the deceased at the time of the accident was in the line of his duty, and exercising proper care. It was sufficient if such was the reasonable inference from the facts proven. But such inference is not to be gathered from facts which are simply not inconsistent with it. As the jury might have supposed from the instruction that it could, we think the instruction erroneous.

REVERSED.