## ROGEN *v.* ENOCH MORGAN'S SONS' CO.

*(Common Pleas of New York City and County, General Term.* June 4, 1888.)

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for negligently causing the death of plaintiff's intestate, evidence that deceased, while in defendant's employ, was dragging a machine by a portion of it not intended for such purpose, and was moving backward in a stooping posture, and that, the machine breaking, deceased fell into an elevator well, guarded, as he knew, by only one bar, which was rather high, shows contributory negligence sufficient to prevent a recovery.[1]

Appeal from trial term; HENRY W. BOOKSTAVER, Judge.

Action by Margaret Rogen, as administratrix, etc., of John Rogen, deceased, against Enoch Morgan's Sons' Company, to recover damages for injuries, causing the death of her intestate, while in defendant's employ. The complaint was dismissed on the ground of contributory negligence, and plaintiff appeals.

Argued before LARREMORE, C. J., and DALY and ALLEN, JJ.

*Wetmore & Jenner,* for appellant. *Seward, Da Costa & Guthrie,* for respondent.

LARREMORE, C. J. In dismissing the complaint in this action, Judge BOOKSTAVER used the following language: "It is manifest that if the deceased had approached the elevator well in any ordinary way, the bar protecting the well would have been quite sufficient to prevent his falling in it. The accident happened by reason of the giving way of a part of the machine by which the deceased was attempting to move it. This portion of the machine was not intended for such a purpose. The accident could not have happened, even under such circumstances, unless he had been in a stooping position, in consequence of which he fell under the bar instead of striking against it. The fact that there was but one bar to guard against such accidents was such a defect, if it was a defect at all, as open and apparent to the employe as to the employer; and it required no special knowledge or skill on the part of the former to discover it. Working, as he did, so near the elevator well, with full knowledge of the way in which it was guarded, I think he must be held to assume any risk there was in so working, and therefore that there is no question of fact in this case for the consideration of the jury, especially in the absence of any proof that he ever complained to his employers or their agents of any lack of a proper guard or railing to the well. The case seems to me to fall within *Powers* v. *Railroad Co.,* 98 N. Y. 274, and that the complaint must be dismissed." I think the learned judge correctly disposed of the motion, and concur with him in the reasons he gave for dismissing the complaint. The only thing necessary to be done in deciding this appeal is to answer some of the objections raised by the learned counsel for the appellant. The attempt is made to distinguish the case at bar from the principles laid down in *Powers* v. *Railroad Co., supra,* by citing *Hawley* v. *Railway Co.,* 82 N. Y. 370, and claiming that in the present case, as in that case, the extent to which the protection for the elevator well was defective, as bearing upon plaintiff's negligence, was a matter to be determined by the jury. The court in that case used the following language: "While the plaintiff knew that the road was somewhat out of repair, and that he incurred some danger in running his engine, it does not appear conclusively that he knew how badly it was out of repair, or that the danger was imminent or very great." But the question of the extent of plaintiff's knowledge of the alleged defect cannot arise in the present discussion, for the reason that such defect was not susceptible of different degrees of knowledge. It consisted in the entire ab-

[1] See note at end of case.

sence of a second or lower bar in the railing surrounding the elevator well. Plaintiff, if he knew of the defect at all, must have known of it in its entirety, and to its full extent. The rule adopted in *Hawley* v. *Railway Co.*, *supra*, is a very just one for that class of cases. Evidently a locomotive engineer cannot be presumed to be actually acquainted with the construction and the condition, as to repair, of every rod of the company's road-bed. He could not gain such knowledge without spending much time in a careful examination of the track throughout its entire length. It is easy to see the equity of the rule requiring a stricter liability on the part of employers under such circumstances, and exonerating the employe from making a personal inspection of the whole road over which his engine runs whenever he may chance to hear a rumor that a portion of the same is comparatively out of repair. Substantially the same equitable reason existed for the application of the rule in the case of *Williams* v. *Railroad Co.*, 39 Hun, 430, where it was held that the question whether a brakeman would, in the exercise of ordinary care and observation, discover that a low bridge by which he was killed was so low as to be unsafe, was a question of fact for the jury. But neither of these cases has any application to the case at bar, for here, as above shown, the employe, in the nature of things, must have known the full extent of the alleged defect, and must be charged also with a full knowledge of the danger he incurred. The learned counsel for the plaintiff argues that "the risk of falling under the bar was not obvious. The absence of the lower bar was obvious, but the danger thereby incurred was not such as to present itself naturally to one of the observation and reflection of an ordinary workman." I cannot agree with the counsel in this contention, or recognize the distinction he attempts to draw. A workman of ordinary intelligence is presumably acquainted with the law of gravitation, and its necessary effects upon his own body if he falls backward through an elevator well. As far as the practical administration of justice is concerned, we must take judicial notice that the danger incurred was as obvious as the absence of the lower bar. It seems to me that the only logical result that could follow, if the plaintiff's argument in this case were allowed, would be to make the jury sole judges both of the law and the facts in accident cases. In *McMahon* v. *Ore Co.*, 24 Hun, 49, it is conceded that "there may be instances in which the knowledge of the defects possessed by the injured party is so definite that he must be deemed, as matter of law, to have taken the risk on himself of injury arising therefrom." Negligence is always to a certain extent a question of law, for the court must, on the trial of any action, say, on the motion for a nonsuit, whether the facts testified to, if true, would constitute, or would authorize the jury to infer, negligence. Similarly, the court must often pass on the question of contributory negligence as matter of law. In a doubtful case, the question whether or not a given action on the plaintiff's part contributed to his injury is of course one for the jury. But if the very facts necessary to show the injury suffered by plaintiff also inevitably establish, according to the laws of physics, that the plaintiff was guilty of some fault of omission or commission without which the accident could not have occurred, then the court must, as matter of law, say that contributory negligence existed, and take the case away from the jury. An instance of this is found in *Powers* v. *Railroad Co.*, *supra*, the case cited by the trial judge dismissing the complaint, where, at the bottom of page 280, the judges of the court of appeals say, as matter of law, that the action could not be maintained "for the additional reason that the deceased was chargeable with contributory negligence in the use of the hand car by himself and his fellow-servants in the manner in which it was propelled at the time of the accident." They also add, as matter of law, that "it was clearly negligence to seek to avoid the train in the manner they did." In my opinion the learned judge correctly applied the law on the subject of contributory negligence in the present case. The accident could not have happened

unless the deceased had backed up in a stooping posture from one end of the room to the other, knowing, although he may not have thought of the fact at the time, that there was an elevator well, protected by but a single bar behind him; and if he had not, besides this, attempted to drag the machine around by a portion of it which was never intended for that purpose. Under all the circumstances disclosed by the plaintiff's case it was the duty of the court to say, as matter of law, that he had been guilty of contributory negligence, and the complaint was rightfully dismissed. Judgment affirmed, with costs.

### NOTE.

MASTER AND SERVANT—KNOWLEDGE OF DANGER—ASSUMPTION OF RISK. If an employe knows, or by the exercise of ordinary diligence could know, of any defects in the things about which he is employed, and continues in the service without any objection, and without promise of change, he assumes the risk of all the consequences resulting from such defects. Perigo v. Railroad Co., (Iowa,) 3 N. W. Rep. 43; Clark v. Railway Co., (Minn.) 9 N. W. Rep. 581; Mooney v. Coal Co., (Iowa,) 8 N. W. Rep. 652; Gates v. Railroad Co., (Minn.) 9 N. W. Rep. 579; Russell v. Railway Co., (Minn.) 20 N. W. Rep. 147; Railroad Co. v. Smithson, (Mich.) 7 N. W. Rep. 791; Richards v. Rough, (Mich.) 18 N. W. Rep. 785; Heath v. Coal Co., (Iowa,) 23 N. W. Rep. 148; Hawk v. Railroad Co., (Pa.) 11 Atl. Rep. 459; Railroad Co. v. Bradford, (Tex.) 2 S. W. Rep. 595; Linch v. Manufacturing Co., (Mass.) 9 N. E. Rep. 728; Needham v. Railroad Co., (Ky.) 3 S. W. Rep. 797; Wilson v. Railroad Co., (Minn.) 33 N. W. Rep. 908. In such case he waives his right to recover for injuries resulting from the negligence of the master by remaining in the employment without objection. Mayes v. Railway Co., (Iowa,) 14 N. W. Rep. 340, 19 N. W. Rep. 680. He is guilty of contributory negligence. Perigo v. Railway Co., (Iowa,) 7 N. W. Rep. 627; Alexander v. Mining Co., (N. M.) 3 Pac. Rep. 735. This rule has been applied to a case where a brakeman, knowing the height of certain bridges, continued in the employment of the railroad for years without protest, until injured thereby, Wells v. Railway Co., (Iowa,) 9 N. W. Rep. 364; Clark v. Railroad Co., (Minn.) 9 N. W. Rep. 581; where an employe, who knew of a danger about the place he is working, and continued to work there without calling the attention of his employer or superior in authority to the danger, Wanamaker v. Burke, (Pa.) 2 Atl. Rep. 500; Anthony v. Leeret, (N. Y.) 12 N. E. Rep. 561; where servant knew the incompetence of a fellow-servant, Railway Co. v. Peavey, (Kan.) 8 Pac. Rep. 780; Rolling-Stock Co. v. Wilder, (Ill.) 5 N. E. Rep. 93; Hatt v. Nay, (Mass.) 10 N. E. Rep. 807; where a servant had knowledge of the negligent habits of a co-employe on entering the service of his master, Railway Co. v. Stupak, (Ind.) 8 N. E. Rep. 630; and where a servant hired for work of a simple character was required by his employer to perform other duties more dangerous and complicated, and knew of such increased risk, Leary v. Railroad Co., (Mass.) 2 N. E. Rep. 115; Wormell v. Railway Co., (Me.) 10 Atl. Rep. 49; Thompson v. Railway Co., (Minn.) 14 Fed. Rep. 564; Olson v. McMullen, (Minn.) 24 N. W. Rep. 318.

A brakeman, obeying an unusual signal from the engineer to set the brakes, necessarily attempted a passage, which he knew to be dangerous, over an intervening car, which the conductor had told him he need not go over, and which it would have been unnecessary for him to pass over if the brake on another car had been in working order, and fell and was injured. Held, that his knowledge of the danger of his attempt ought not to defeat his recovery, since it was his duty to obey orders. Hosic v. Railroad Co., (Iowa,) 37 N. W. Rep. 963.

While a servant will be deemed to have assumed all risks naturally and reasonably incident to his employment, and to be acquainted with all risks which, to a person of his experience and understanding, are or ought to be open and obvious, yet, when there is any doubt whether the servant was so acquainted or ought so to have been, the determination of the question is necessarily for the jury. Rummell v. Dillworth, (Pa.) 2 Atl. Rep. 355; Thompson v. Railway Co., 14 Fed. Rep. 564.

As to the province of the court and jury in considering questions of negligence, see Barnes v. Sowden, (Pa.) 12 Atl. Rep. 804, and note; O'Connor v. Railway Co., (Mo.) 7 S. W. Rep. 106; Gleason v. Manufacturing Co., Id. 188; Nugent v. Railroad Corp., (Me.) 12 Atl. Rep. 797; Railway Co. v. Watson, (Ind.) 15 N. E. Rep. 824; Drevis v. Woods, (Wis.) 37 N. W. Rep. 256.