(Hamilton County Court of Common Pleas.)

JENNIE M. ATKINSON, ADM'X *v.* THE VILLAGE OF BOND HILL.

1. In an action brought under section 6134, Revised Statutes, for damages for death caused by the wrongful act, neglect or default of defendant, there is no privity between the personal representative bringing the suit and the deceased.
2. Statements made by the deceased after the accident, as to the circumstances of the accident, are not competent.
3. Statements made by the deceased after the accident in answer to a question, or as a narration, in relation to the condition of her health before and after the accident, are not competent.

(Decided December, 1894.)

ON MOTION for a new trial.

SAYLER, J.

This is an action brought under section 6134 for damages for the death of Jane Miller, caused by the wrongful act, neglect or default of the defendant. The jury returned a verdict for $2,500 in favor of the plaintiff.

On the trial of the case the defendant offered evidence tending to show admissions as to the cause of the injury made by Jane Miller after the injury. Objection was made and sustained, to which the defendant excepted.

Tiffany, in his work on "Death by Wrongful Act," section 194, says: "It would seem that such declarations, if not admissible as part of the *res gestæ*, are not admissible in favor of the defendant as admissions, since the plaintiff in such case does not claim in the right of the deceased, but upon a new cause of action; but the point has been decided both in the affirmative and in the negative." And he cites quite a number of authorities.

The case in 10 Phil. 440, was decided under a statute, by the first section of which it is provided that at an action brought for injuries does not abate by reason of the death of the plaintiff, but the personal representatives may be substituted as plaintiffs; and by the second section it is provided that whenever death shall be occasioned by wrongful violence, etc., and no suit be brought by the party injured, the widow or personal representatives may sue (act of April 15, 1851, Prudon's Digest, page 1093, amended April 26, 1855, same, page 1094, the amendment providing as to who may sue, and that the sum recovered shall go to them without liability to creditors). The action was by the father to recover damages for loss of life of his son. The court holds that "these acts give the survivorship to the parent, as in the case of intestacy, for the damages occasioned by the defendant's negligence to the decedent, for the injuries done to him, as well as to the parent. It is through the son by virtue of his parentage that the plaintiff claims. This clearly constitutes father and son in this action in relationship under the term known in the law as privies," and therefore admitted statements of the son."

In the case in 86 Pa. St 432, the court held that "to *prove contributory* negligence, it is competent to show that the deceased was warned to avoid the place where he was killed, and that he himself had conveyed this warning to others." Aside from the point that such testimony might be competent to show knowledge of the deceased, it seems to me, under the statute quoted in 10 Phil. *supra*, such testimony was competent.

The case in 8 Atlantic Rep. 912, was a Pennsylvania case under that statute; also, the case in 7 Leg. Gaz. 223.

In 126 Pa. St. 622, the court held the admissions not competent, but that would not seem to affect the present case, as in that case the father

sued for loss of services, as it appears to me, under his common law right of action, and the court says that "it is true the plaintiff claims by reason of the injury to the boy, but his legal rights are independent of that fact, and can not be defeated by anything the son can say or do."

In 55 Iowa, 326, the statements of the deceased were admitted. It seems to me that the right of action under the Iowa Statutes (secs. 3730. 3731, 3732, Statutes 1888), is that of the deceased which survives to the parent, etc. See 71 Iowa, 490, 494; 72 Iowa, 201, 204.

In 46 N. Y., Superior Court R. 448, the court holds that "*it seems* that admissions of the deceased as to the manner in which the accident occurred are competent evidence against his representative in an action brought for causing the death of the deceased;" and in 12 Col. 390 the court holds such admissions competent.

The court, in 20 Ohio St. 146, says : " The case rests on the same principles as though Meara, if death had not ensued, had brought an action against the same parties, and based on the same ground;" but these words must be construed with reference to the matter decided. And in the syllabus, *Ib.* 137, the court holds that the administrator may "bring an action against the receiver, under *the same restrictions* and on *the same grounds* that the party injured, if death had not ensued, might have done;" and I hardly think the court intended to hold that the right of action of the party injured and of the next of kin are the same, or to be *controlled* by the *same rules* of *evidence*, but only to hold that the action may be brought *under* the *same restrictions*, etc.

In 37 Ohio St. 372, the court holds that the right of recovery of the next of kin is different from the right of recovery of the party had he sued (*Ib.* 375) ; that in an action by the next of kin the injury to the estate of the deceased can not be considered (*Ib.* 376).

Under a statute similar to that of Ohio, the court held in 89 N. Y. 24, that the right of action given to the personal representatives is a *new right of action created* by the *statute*, and not a mere continuance in the representatives of the right of action which the deceased had in his lifetime (*Ib.* 27). The court say the purpose of the statute is to give a *statutory action* as a substitute for the action which the deceased could have maintained had he lived, and thereby withdraw from the wrong-doer the immunity from civil liability offered him by the common law rule that personal actions die with the person. See, also, 23 N. Y. 465, 470.

In Indiana, a parent might, without any statute, recover for loss of services resulting from the wrongful injury to his child *during the period occasioned by such injury*, and if death resulted, from the loss of services during the time *between the injury and death* (103 Ind. 329). By statute there is added to this common law right the further right to maintain an action for the death of a child (*Ib.* 335), and under which damages, recoverable, are arrived at from a consideration of the probable value of the child's services from the *time* of the *injury until it would have attained its majority*, etc. (*Ib.* 335). The court says the statutes were intended to accomplish the same end as the statutes 9 and 10 Victoria, c. 93, commonly known as Lord Campbell's Act.

In the case of *Penn Co.* v. *Long*, 94 Ind. 250, a mother brought suit to recover damages for the death of her son, aged 17 years, and the trial court charged the jury that among the facts necessary for the plaintiff to prove was that the plaintiff incurred some expenses in his burial, or that his *services from the* period of his *death until* of *full age*, would have been of some value to her. So, I think it is clear that the action was brought under the right of action given by the statute. On the trial the defendant offered testimony as to declarations of the son, which were excluded, and the court holds that they were properly excluded: (*Ib.* 252).

It seems to me the right of action given by section 6134, to the personal representative, is a new right of action created by the statute, and not a mere continuance of the right of action, which the deceased had in his lifetime, and that there is no privity between the personal representatives and the deceased ; that therefore the declarations of the deceased in regard to the cause of the accident are not competent. I have come to this conclusion after much hesitation.

The defendant offered testimony as to statements made by the deceased some time subsequent to the injury, in answer to a question as to her health, or as a narration to the effect "that she felt very much better than she had before the accident and that she was worn out just before the accident, with the care of her grand-children, that she had had a very good rest and she felt much better then than she had for a good while before the accident." An objection to this was sustained, and the defendant excepted.

The defendant cites 8 Wal. 397, and which would seem to hold that statements made by a person in answer to questions in regard to his health are competent as showing the condition of his health. But even in that case the court say, *Ib.* 405 : " Anything in the nature of *narration* must be excluded. It must be confined strictly to such complaints, expressions and exclamations as furnish evidence of ' a present existing pain or malady,' " and cites 7 Cush. 586.

And in 7 Cush. the ruling of the court was as to the admissibility of *groans* or *exclamations of pain* made by the party as being admissible in evidence. The trial court had held that any statement of his condition or feelings made in answer to a question, or as a narrative, or with a view to communicate information, was not admissible. *Ib.* 581.

This case in 8 Wallace was decided in 1869. Our Supreme Court decided the case of *C., C. & C. R. R. Co.* v. *Mara*, 26 Ohio St. 185, in 1875, and did *not follow* 8 Wallace as to the doctrine of *res gestæ.* Considering the want of authority for the holding of the court in 8 Wallace as to statements as to health, and the dissenting opinion of Justice CLIFFORD, concurred in by Justice NELSON, and which dissenting opinion seems to be the better considered, and well supported by authority, I do not feel bound to follow the opinion of the majority of the court.

I do not think statements or narrations imparting information in answer to questions as to the condition of health, or as a narration, are of themselves competent evidence to show the condition of health of the person.

As to amount of damages; I do not think the damages are such as can be considered to be "excessive damages, appearing to have been given under the influence of passion or prejudice." Section 5305, Revised Statutes.

It is hard to estimate the value of the services and of the wifely association of a wife to an old man. Her death often takes his only assistant and comfort.

The motion for a new trial will be overruled.

*Robert Ramsey*, for plaintiff.

*John C. Healy* and *Charles H. Jones*, contra.