VANDECAR v. UNIVERSAL TRUST CO. (two cases).

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. APPEAL TO COURT OF APPEALS—WHEN ALLOWED.

Decision, in an action for injuries due to the fall of a dumb-waiter owing to a defective sustaining rope, that evidence showing a prior breaking of the same rope was admissible, and that the tenant using the rope was not guilty of contributory negligence, presented no distinctive features justifying allowance of appeal to the Court of Appeals.

On motion for leave to appeal to the Court of Appeals. Denied.

For opinion of the Appellate Division, see 80 N. Y. Supp. 290.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Lexow, Mackellar, Guy & Wells, for the motion.
Washburn & Sickels, opposed.

WILLARD BARTLETT, J. This is an application for leave to appeal to the Court of Appeals. The plaintiff, Sarah A. Vandecar, a tenant of property belonging to the defendant, was injured by the fall of an elevator or dumb-waiter, which she was endeavoring to operate from the cellar of the premises. Two points were presented on the appeal. The first was that there was error in the admission of the testimony of a witness showing that the elevator rope had previously broken and allowed the dumb-waiter to fall. The other was that Mrs. Vandecar was guilty of contributory negligence as matter of law in making use of the elevator in the way in which she did.

As to the first point, we held that the testimony as to the previous breaking of the rope was admissible, inasmuch as it was the very same rope in use at the time of the accident, and that knowledge of the fact that it had previously broken was shown to be possessed by the agent of the defendant, and might properly be regarded by the jury as a warning to the owner that the condition of the rope required watchfulness and inspection to keep it safe, so that the failure to take some precautions to insure its continued sufficiency might justify the imputation of negligence. As to this point the only argument now presented is that we were wrong. I still think we were right in this respect.

As to .the question of contributory negligence, the testimony of the defendant's own janitor was that "the elevator was so arranged in the cellar that people delivering goods would come in there and use it. It was for the use of anybody coming into the cellar and wanting to send stuff up." This was uncontradicted. Upon the present application it is contended that our decision that the use of the elevator did not amount to contributory negligence as matter of law is in conflict with a number of cases, all of which I have examined. The first is Knox v. Hall Steam Power Co., 69 Hun, 231, 23 N. Y. Supp. 490. There it appeared that the person injured went to the shaft, and shook the elevator rope, while upon an errand which did not require or entitle him to the use of the elevator. The second is Rogen v. Enoch Morgan's Sons Co. (Com. Pl.) 1 N. Y. Supp. 273, where the injured employé attempted to drag a machine, by a part of it not intended for that purpose, backward toward an elevator well, of the presence of which he was aware. A part of the machine gave way, and he fell into the well. This case presents no circumstances analogous to those in the case at bar. The third authority cited is Glassheim v. N. Y. Economical Printing Co., 13 Misc. Rep. 174, 34 N. Y. Supp. 69, where a kalsominer was killed, while at work on a ceiling of the defendant's premises, by reason of the fact that his clothing was caught in a set screw projecting from the shafting which was in motion near the place where he was employed. Before commencing work he had refused an offer to have the machinery stopped. It was held that he was guilty of contributory negligence. I can see no likeness between these circumstances and those here presented. The fourth case is Smith v. Foster, 93 Ill. App. 138. There the plaintiff's intestate was killed while standing in front of an emery wheel which burst. He had been instructed to stand at the side of the wheel, and, if he had obeyed this instruction, he would not have been struck by the fragment which caused his death. His failure to stand where directed was held to be negligence contributing to the injury. The fifth and last case is Erskine v. Chino Val. Beet-Sugar Co. (C. C.) 71 Fed. 270. Here an employé was injured through defects in a rope while engaged in cleaning a window, and he was held to be .guilty of contributory negligence, because he voluntarily chose to do the work by suspending himself with a rope and tackle at a high elevation outside the building, when he knew that he might have done the work from the inside. of the building without assuming that risk.

None of these cases is in point, and I think our decision that the question of contributory negligence was one for the jury is clearly right.

The case presents no distinctive feature which requires a review by the Court of Appeals, and I advise that the motion be denied. All concur.