Edward Hawley, Respondent, *v.* The Northern Central Railway Company, Appellant.

Plaintiff, while in the employ of defendant as locomotive engineer, was injured by the overturning of his engine, caused by the bad condition of defendant's road. In an action to recover damages, it appeared that plaintiff was running his engine by express orders without cars attached ahead of a passenger train; he knew that the road was somewhat out of repair, and that he incurred some danger, but it did not appear conclusively that he knew how badly it was out of repair, or that the danger was very great. Three or four passenger trains, besides freight trains, passed over the road daily each way; it did not appear that any accident had previously happened, caused by the bad condition of the road. Plaintiff and other engineers had frequently run their engines over the road with safety, in the same way plaintiff was running his at the time of the accident. Plaintiff was ordered by competent authority to so run his engine, and he had the assurance that the road would soon be put in repair. *Held,* that the evidence authorized the submission of the question of contributory negligence to the jury.

(Argued October 7, 1880; decided October 15, 1880.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 17 Hun, 115.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*George M. Diven* for appellant. If the plaintiff knew that the track was so badly out of repair that it was dangerous to run over it, by continuing in the employment after such knowledge he assumed the risk, and the corporation is not liable for the injury. (*Wright* v. *New York C. R. R. Co.,* 25 N. Y. 562, 566; *Lanning* v. *New York C. R. R. Co.,* 49 id. 521, 534; *Gibson* v. *Erie Ry. Co.,* 63 id. 449, 452; *Kelley* v. *Silver Spring Bleaching & Dyeing Co.,* Sup. Ct. [R. I.], 18 Alb. Law Jour. 354; *Wonder* v. *B. & O. R. R. Co.,* 32 Md. 411; 3 Am. Rep. 143.)

*H. Boardman Smith* for respondent. The facts that plaintiff continued in defendant's employ after some knowledge that its road was not in good order did not authorize the court to take the question of plaintiff's contributory negligence from the jury by nonsuiting the plaintiff. (*Bernhard* v. *R. & S. R. R. Co.*, 1 Abb. Ct. App. Dec. 131, 134; *Greenleaf* v. *Ill. Cent. R. R. Co.*, 29 Ind. 14; *Gibson* v. *Erie R. W. Co.*, 63 N. Y. 449; 9 Abb. L. J., 165; *Lewis* v. *St. Louis & Iron Mount. R. W. Co.*, 8 Am. R. W. 450; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Malone* v. *Hathaway*, 64 id. 5; 10 Abb. L. J., 343; Redfield on Railways, 387; *Greenleaf* v. *Dubuque & Sioux City R. R.*, 33 Ind. 52.) The question whether ordinary prudence forbade that plaintiff should continue in defendant's employ may be determined by proof of what other men did under the same circumstances. (*Twomley* v. *Central Park N. & E. R. R. Co.*, 69 N. Y. 158, 197; *Mehan* v. *Syracuse B. & N. Y. R. R. Co.*, 73 id. 585; S. C., more fully reported, 6 Weekly Dig. 362; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521.) The question of plaintiff's contributory negligence upon the proof in this case was peculiarly a question for the jury. (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 455; *Thurber* v. *Harlem B. M. & F. R. R. Co.*, 60 id. 330, 331; *McCauley* v. *Mayor, etc., of N. Y.*, 4 Weekly Dig. 135, Court of Appeals; *Laning*, v. *N. Y. C. R. R. Co.*, 49 N. Y.) The negligence of a fellow servant only defeats an action when the company is free from negligence. (*Keegan* v. *Western R. R. Co.*, 4 Seld. 170; 70 N. Y. 173; 2 Lans. 506.)

EARL, J. The plaintiff was a locomotive engineer in the employment of the defendant, and was injured by the overturning of his engine in consequence of the bad condition of defendant's road. This action was brought to recover for the injuries thus sustained, and a recovery was had. The defendant now seeks a reversal of plaintiff's judgment upon the sole ground of his contributory negligence; and the claim is, that he should have been nonsuited on that ground.

The learned counsel for the defendant contends that the undisputed evidence showed that the plaintiff knew of the bad and dangerous condition of the road when he ran the engine, and that he was negligent in running it with such knowledge.

We are of opinion that the alleged contributory negligence was not so clearly proven as to authorize a nonsuit. While it was incumbent upon the plaintiff to show that the road was in an unfit and dangerous condition, the evidence upon the subject was somewhat conflicting, and the extent to which it was unfit and dangerous, as bearing upon plaintiff's negligence, was a matter to be determined by the jury.

While the plaintiff knew that the road was somewhat out of repair, and that he incurred some danger in running his engine, it does not appear conclusively that he knew how badly it was out of repair or that the danger was imminent or very great. Three or four passenger trains, besides freight trains, passed over the road daily, each way, and it does not appear that any other accident had happened from the bad condition of the road. The plaintiff and other engineers had frequently run their engines over the road in the same way in which the plaintiff ran his on the occasion of the accident and had done so with safety. The plaintiff was ordered by competent authority to run his engine just as he did, and he had received assurance that the road would soon be put in repair. We must take into account the plaintiff's position. His business was that of an engineer, and unless he obeyed orders and ran his engine he would have been obliged to abandon defendant's service. Of one thus situated the law should not be too exacting. We must assume that the officers of defendant, who had charge of the road, and must have known its condition, deemed it safe ; and the plaintiff had the right to rely somewhat upon their judgment. Other employees of the road, and hundreds of passengers, were daily trusting their lives upon the road, and on the day of the accident he was ordered to and did precede a passenger train. Under such circumstances, was the plaintiff bound to set up his judgment against that of all others and determine for himself that the road was absolutely unsafe

for the passage of his engine, and abandon his position as engineer, or take upon himself the risk caused by defendant's negligence? We think, under all the circumstances, and upon all the evidence given on both sides, that it was a question for the jury to determine, whether the plaintiff acted with reasonable prudence and discretion in venturing to run his engine over the road.

But aside from all other considerations, the plaintiff, on the occasion of the accident, ran his engine, without any cars attached, ahead of a passenger train, at the rate of twenty miles per hour, over a road which defendant's officers knew to be in a bad condition, by the express orders of the defendant. It would be a very unjust rule which would allow a master to shield himself from responsibility for the consequences of his own negligence by alleging those acts, not inevitably or imminently dangerous, to have been negligent which his servant performed by his express orders. (*Patterson* v. *Pittsburgh & Connellsville R. R. Co.*, 76 Penn. 389.) Whether, in this case, the running of the engine was inevitably or imminently dangerous, was certainly a question for the jury.

The nonsuit was therefore properly denied and the judgment should be affirmed.

All concur.

Judgment affirmed.