DANIEL WEBBER, APPELLANT, *v.* WINFIELD PIPER AND ANOTHER, RESPONDENTS.

*Negligence — a servant cannot recover for an injury caused by a risk incident to the business in which he is employed.*

This action was brought to recover damages sustained by the plaintiff because of an injury to his hand caused by a circular saw at which he was working while in the employment of the defendants. The saw was out of set, and he had so informed the defendants' foreman, who told him that he could not then attend to it but that it would be attended to at noon, and instructed him to go on with his work. The injury was thereafter occasioned by reason of the saw being out of set.

*Held*, that it was proper to nonsuit the plaintiff. (DYKMAN, J., dissenting.)

APPEAL from a judgment, entered upon the dismissal of the complaint at the circuit.

The plaintiff sued for damages alleged to have been caused by defendants' negligence. Plaintiff was a wood sawyer in the defendants' employ, and was injured while tending a steam saw. The saw was, in the ordinary course of its use, " set " or sharpened every day or two by defendants' foreman. This was part of the ordinary management of the shop. At the time of the accident the saw had not, plaintiff claimed, been " set " for over a week; and because of the failure to set it, plaintiff claimed that he was injured. The saw itself and all the machinery were admitted to be good. Nor was any of it out of repair. It was proved that one Myers was in charge of the machinery and attended to repairing it, and was in the custom of sharpening those saws. The plaintiff testified that when on the morning of the accident he asked Myers for another saw and complained of its being out of set, the latter replied that " he was too busy to sharpen a saw," and that Myers " asked me to hurry up," and said, " I will see what I can do for you at twelve o'clock."

*James C. Church*, for the appellant.

*Edward M. Shepard*, for the respondents.

BARNARD, P. J.:

There was no defect in the saw beyond the fact that it was out of set. This is of constant occurrence when the saws are being used.

The plaintiff asked that the saw be set and he was told in substance that it would be done at noon or be seen to at noon. The plaintiff with full knowledge that the saw was out of set, used it, and he testifies that by reason of the saw being out of set he was injured. The risk was one incident to the business.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is an action to recover damages ensuing from a personal injury. The plaintiff was in the employment of the defendants as a wood sawyer, and was injured while tending a saw driven or operated by steam. The complaint was dismissed on the trial at the close of the plaintiff's case.

It appeared from the testimony introduced that the saw was out of order, and that the plaintiff had knowledge of the fact and requested the foreman on the morning of the accident to furnish a substitute as was the custom when a saw was out of set. The foreman said he was unable to have another saw ready for want of time, and directed him to hurry up and get the peddle out of the way and he would see what he could for the plaintiff at twelve o'clock. Then the plaintiff commenced to operate the saw which was dull and had no set, and he was in consequence obliged to push with greater force on the wood, when as he was doing so the saw caught and knocked the stick away and left the plaintiff's hand in immediate contact with the teeth which cut off his thumb and forefinger. The binding of the saw or want of setting caused the injury.

The *nonsuit* seems to have been given on the theory that the injury resulted from the negligence of Myers in failing to sharpen and set the saw and continue the same in order. Without pausing to determine the position of Myers, our conclusion is that the judgment cannot be sustained. It was the duty of the defendants to furnish safe and adequate machinery for the plaintiff and maintain the same in order, and they were bound to perform that duty as masters, and could not delegate its performance so as to exonerate themselves from liability. (*Fuller* v. *Jewett*, 80 N. Y., 46.)

Neither do we find the plaintiff chargeable with contributory

negligence as a matter of law; while he knew the saw was out of set and likely to bind for that reason, yet he seems to have considered it capable of successful operation, as Myers did also. It does not appear that he knew the danger of injury was imminent, and the extent to which it was unfit or dangerous as bearing upon the negligence of both the plaintiff and the defendants was a ques tion of fact for the jury. Especially was this so in view of the fact that the plaintiff was directed to proceed and operate the saw just as he was doing at the time of the injury. (*Hawley* v. *N. C. R. R. Co.*, 82 N. Y., 370.) The cause should have been submitted to the jury with proper instructions.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.