PETER HARTWIG, Respondent, *v.* THE BAY STATE SHOE AND LEATHER COMPANY, Appellant.

*Contract for the employment of convicts — the contractor is liable to one injured by defects in the machinery furnished by him.*

The plaintiff, a convict in the Kings County Penitentiary, was let and farmed out by the county authorities to the defendant, a corporation, which hired the services and labor of a large number of convicts who were employed by it in making boots and shoes. The prison authorities were, by the terms of the contract, to enforce the performance of the day's work, and the defendant was to furnish "all the tools, machinery and stock necessary" for the employment. The plaintiff, who had been injured while using one of the machines designed to mould the soles of shoes, brought this action to recover the damages thereby sustained, alleging that the machine by which he was injured was out of repair and dangerous, and that the defendant had notice of its condition.

*Held,* that while the usual relation of master and servant did not exist, because the labor furnished was compulsory, yet the defendant owed a duty to the convict which required him to furnish machinery fitted to and sufficient for the work, and to keep the same in constant repair.

That the plaintiff was the defendant's workman, though his wages went to the county of Kings.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion to set aside the verdict and for a new trial, made upon the minutes of the justice before whom the action was tried.

*W. C. Beecher,* for the appellant.

*Chas. J. Paterson,* for the respondent

BARNARD, P. J.:

The plaintiff was a convict in the Kings County Penitentiary. The defendant is a corporation. The county authorities "let and farmed out" to the defendant, a large number of convicts to be

employed in making boots and shoes. The defendant hired the labor and service of the convict. The plaintiff was one of the men included in the contract. The prison authorities, by its terms, were to enforce the performance of the day's work, and the defendant was to furnish "all the tools, machinery and stock necessary " for the employment. The plaintiff, while using one of the machines designed to mould the soles of shoes, was injured.

The action is based upon an allegation that the machine by which the convict was injured was out of repair and dangerous. While the usual relation of master and servant did not exist, because the labor furnished was compulsory, the defendant must be held to have owed a duty to the convict in respect to the machinery to be furnished for the purpose of the work. This follows from the covenant itself. A contract ·for machinery carries with it an obligation to furnish machinery fitted to and sufficient for the work, and that it shall be kept in constant repair. The contract, it is true, was with the county of Kings, but the convict was essentially a servant of the defendant. By his crime he lost the power over his own freedom to contract and labor, and his services were let out to defendant as minors and apprentices are let out, by the authority of a temporary superior. He was defendant's workman, though his wages went to the county of Kings. The case fully establishes that the machine was out of order. The machine has a roller, which is essential to its proper working. This roller was worn out. It was not round, and in consequence thereof, the stem was forced up before it should be and the machine prematurely, and without warning, closes. The evidence of both parties agree in this respect. The direct testimony of the plaintiff, who alone speaks of the accident, and the testimony of a witness for the defendant, who testified that the use of emery sand, which was proven to have been used, indicated that the machine was out of order. The verdict of the jury in favor of the plaintiff upon the issue as to the machine being out of order is sustained by the evidence. The plaintiff, therefore had, if he was free from contributory negligence, a cause of action. (*Kain* v. *Smith*, 89 N. Y., 375 ; *Stringham* v. *Stewart*, 100 id., 516.) Contributory negligence is usually a question for the jury, and this was a case upon which the evidence was not only contradictory, but, upon the evidence of the defendant, was such that

it was susceptible of different deductions.    The convict was doing his work at the machine when the roller slipped, and the machine became liable to close.    The mould went out of place from the clipps of the roller.    The convict attempted to replace it and the machine suddenly closed and smashed his finger.    The evidence tends to show, on both sides, that this disordered machine gave notice of the disorder before it closed, and the contributory negligence consists in this fact.    The answer to this, as matter of law, is that it was not uniform, "it was likely to close."    The jury were to pass upon the question, especially as a portion of the evidence consisted of a model of the machine which was shown to the jury. (*Hawley* v. *Northern Central R. R. Co.*, 82 N. Y., 370.)    Under the findings of the jury the case is a hard one.    A convict is forced to work upon a dangerous machine and out of order.    The defendant's foreman knew of the liability to injury and made no repair. The man kept on until he was injured by this defect.

The judgment should be affirmed with costs.

PRATT, J., concurred.

Judgment and order denying new trial, affirmed with costs.