MARY A. PIDGEON, as Administratrix, etc., of PATRICK J. PIDGEON, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Master's duty to furnish a safe place for his servant — defective roadbed and track of a railroad causing the death of the servant.*

The rule of law that a master is obliged to use proper care and employ suitable skill to furnish a safe place for the performance of the duties of his servants extends to the obligation of a railroad company to maintain its roadbed and track in a safe condition for use by its employees.

The verdict of a jury in favor of the plaintiff, in an action brought to recover damages resulting from the death of the plaintiff's intestate, by reason of the alleged negligence of the defendant, a railroad company, in failing to keep its roadbed in proper condition, is a finding that the defendant has failed to discharge its obligation, to the deceased, to furnish him with a safe place for the performance of his duties.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 8th day of May, 1894, upon the verdict of a jury rendered after a trial at the Queens County Circuit, and also from an order made on the 1st day of May, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*W. C. Beecher*, for the appellant.

*Frederic A. Ward*, for the respondent.

DYKMAN, J. :

This is an appeal by the defendant from a judgment entered upon a verdict in favor of the plaintiff for $5,000, and from an order denying a motion for a new trial upon the minutes of the court.

The action is for the recovery of damages resulting from the death of the plaintiff's intestate which was caused by the negligence of the defendant.

The plaintiff's intestate was in the employ of the defendant, and on the 19th day of March, 1893, he was in charge of a train of freight cars which was passing down the track of the defendant's railroad from the North Shore freight yard at Long Island City. The tracks cross Borden avenue near the defendant's yard, and at the point of crossing the tracks of the Long Island City and Newtown trolley road intersect the tracks of the defendant at right angles.

The train in charge of the deceased was backing slowly down, and he was standing on the top of a car directing the movements of the train.

Before the train reached Borden avenue it was switched over from the right-hand track to the left-hand track, and when it was passing over Borden avenue the end car upon which the deceased

was standing ran off the track and collided with the signal tower, which fell upon the deceased and caused his death.

There was evidence tending to show that the track at the avenue crossing was out of order, and had been so for some time. It was described by the witnesses as a soft, spongy place where the tracks settled as the frost came out of the ground. The track would sink down when the ground was wet. One witness said the rail would sometimes work up and down two or three inches.

It was the theory of the plaintiff that such condition of the track caused the car to leave the rail, and the neglect to repair the track and maintain it in a safe condition was the negligence charged against the defendant and upon which the action was based.

The case was fairly submitted to the jury by the trial judge, and we must now assume that the jury gave credit to the testimony introduced by the plaintiff and adopted her theory in relation to the cause of the accident.

The recitation we have made of the facts is sufficient to show that the verdict is amply supported by the evidence and the circum-stances surrounding the accident.

Such being the situation, the judgment is justified by the law applicable to the case.

The obligation of the master to use proper care and employ suitable skill to furnish a safe and suitable place for the perform-ance of the duties of the servant has been asserted in so many cases and in such a variety of language that a repetition of the rule or a citation of authorities for its support is entirely unnecessary.

The verdict of the jury in favor of the plaintiff is a finding that the defendant has failed to discharge its obligation to the deceased to furnish him a safe place for the performance of his duties.

The rule of law extends to the obligation of a railroad company to maintain its roadbed and track in a safe condition for use by its employees. (*Hawley* v. *Northern Central Railroad Company*, 82 N. Y. 370.)

We have not overlooked the contention of the defendant's counsel upon this appeal, that the deceased was guilty of contributory negligence by reason of his knowledge of the condition of the railroad track at the place of the catastrophe. But if we assume all that was said upon the subject it fails to show knowledge in the

deceased of the extent of the disorder of the track or of the imminence of the danger therefrom.

Moreover, the subject was fully discussed in the charge to the jury, and the question of such contributory negligence was fairly submitted to the jury.

We detect no error in the record, and the judgment and order should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment and order affirmed, with costs.