## JAMES E. MAUL vs. QUEEN ANNE'S RAILROAD COMPANY.

### *Damages—Evidence—Non Suit.*

In an action for damages by a brakeman against a railroad company for injuries alleged to have been received in the service of said company while using a push-pole made of green wood, the plaintiff admitting that he was a railroad brakeman of thirteen years' experience, familiar with switching cars and with push-poles used in that business, and was the only person who used the push-pole in question; having proved by experts, experienced railroad workmen like himself, that the push-pole which he used was absolutely dangerous and unfit for use: *Held*, that every element of danger which the plaintiff alleged to be in the pole was obvious and not latent, and that his own means of knowledge in respect thereto were equal to if not greater than those of the defendant, that the plaintiff had not shown such negligence upon the part of the defendant as would entitle him to recover in said action, and that therefore non suit should be entered.

(*February 27, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Horace G. Knowles* for plaintiff.

*C. W. Cullen* for defendant.

Superior Court, New Castle County, February Term, 1898.

ACTION ON THE CASE (No. 97, May Term, 1898), for personal injuries resulting to the plaintiff on January 25, 1897, by reason of the bending and slipping of a certain push-pole, which plaintiff, being then employed as a brakeman by the defendant company, was using at the time in staking cars of the defendant company, by means of which said slipping of said push-pole the right leg of the plaintiff was broken and he thereby sustained serious and permanent injuries. Further facts appear in the opinion of the court.

At the conclusion of the testimony offered by the plaintiff, counsel for defendant moved for a non suit upon three grounds :

*First*, because the plaintiff was a fellow-servant with those through whose negligence he contended the accident resulting in said injuries occurred.

*Second*, because the evidence showed that the plaintiff contributed to the injury.

*Third*, because the slipping of the push-pole was one of the ordinary risks incident to the business, which risk plaintiff assumed upon entering the employment of the railroad company as brakeman.

PENNEWILL, J :—A motion has been made for a non suit in this case upon several grounds, and we have given the matter as full and careful consideration as time will permit. We are unable to see that there is involved in this application any principle of law either new or doubtful in this state, and, therefore, we hardly deem it necessary to deliver any extended opinion upon the subject, and especially since it is not the rule in this court so to do in granting or refusing motions for non suit. We will say, however, that it is well settled law in this state, that when a servant enters into the employment of another, he assumes all the risks ordinarily incident to the business. He is presumed to have contracted with reference to all the hazards and risks incident to the employment, consequently he cannot recover for injuries resulting to him therefrom. It is true that one of the primary duties resting upon the master is to furnish tools or

MAUL vs. QUEEN ANNE'S R. R. CO.    563

OPINION OF COURT.

implements reasonably safe and proper for the carrying on of the business for which the servant is employed, and this duty the law will not permit the master to delegate to another so as to relieve himself of liability.    If the defect in the tool or implement be latent or concealed, the master would be liable in case there were no contributory negligence on the part of the servant, but if the defect be obvious or apparent, the master would not be liable, because it is necessary for the servant to use his own senses, and if he employs tools or appliances which are obviously dangerous, he cannot recover.    This is unquestionably the law in this state, as well as elsewhere.    There are some authorities which seem to lay down a different doctrine, in cases where the servant is ordered by the master to enter upon the dangerous employment, or to use the dangerous instrument, but upon examination they will be found to be based upon the fact that notice had been given by the servant of the danger, a promise made by the master to repair the defects, or from the testimony the danger was doubtful and uncertain, (as in the case of *Hanley vs. Northern Central Railway Co., 82 N. Y., 372*, cited, and much relied upon by the plaintiff) and not sufficiently obvious to cause a reasonably careful man to refuse to perform the work.    In the present case the push-pole is shown by the plaintiff to have been dangerous because it was green wood, eight feet in length, only five inches thick at the larger end and three inches thick at the smaller end, and not iron bound in any way.    The plaintiff admits that he was a railroad brakeman of some thirteen years' experience, entirely familiar with switching cars, and with push-poles used in that business.    That he himself picked up and placed on the engine the particular push-pole in question, some eighteen miles from the place of the accident, and at the place of the accident he threw the pole from the engine and again picked it up and used it in the work in which he was injured.    In fact, as appears from the evidence, he was the only one who had handled the pole at all.    Every element of danger which he alleged to be in the pole was obvious and not latent, his own means of knowledge in respect thereto were equal to, if not greater than those of the defendant ; and he actually proved by

experts that the push-pole which he used was absolutely danger-ous and unfit for use, and that they would not have it in their business because it had the defects above mentioned. His expert witnesses declared that the push-pole as *described* to them was dangerous, and they were testifying entirely from *such description*, and necessarily based their opinions thereon. They were exper-ienced workmen, and so was the plaintiff. Under the well settled rules of law, therefore, we do not think the plaintiff has shown such negligence upon the part of the defendant as would entitle him to recover in this action ; and although we are very reluctant to withdraw the case from the jury, yet we feel, for the reasons given, as well as others that might be stated, and which are all covered by the grounds urged for non suit, that it is our duty to do so. We accordingly direct that a non suit be entered.