(49 App. Div. 111.)

LELAND v. HEARN et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

MASTER AND SERVANT—INJURIES TO SERVANT—PRIMA FACIE CASE—NONSUIT.
    An elevator boy was injured by the elevator suddenly falling from the sixth floor, and crushing him, while engaged in cleaning out the elevator shaft, as required to do by a rule of the defendants; and the evidence showed that the elevator had long been out of repair, and the defendants had knowledge of its condition, and that it had fallen before. *Held* to show a prima facie case of negligence on the part of defendants, and it was, therefore, error to direct a verdict in favor of defendant.

Appeal from trial term, New York county.

Action by Eveline Leland, as administratrix, against George A. Hearn and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Ernest T. Fellowes, for appellant.
John Vernou Bouvier, Jr., for respondents.

BARRETT, J. The action was brought by the administratrix of George Leland, deceased, to recover damages for his death, which, as is alleged, was occasioned by the defendants' negligence. Leland was employed by the defendants to operate one of the passenger elevators used in their business. He was about 19 years of age. One of his duties was to clean out, every Saturday morning, the shaft of the elevator which he was operating. While performing that duty upon the 6th of February, 1897, the elevator suddenly descended from the sixth floor, and crushed him. He died from the injury thus received. The nonsuit was upon the ground that Leland assumed the risk of the elevator's falling. It is sought to be sustained, however, not upon the ground assigned, but because there was, as contended, no evidence of the defendants' negligence. There is nothing in the latter contention. It was the defendants' duty to furnish the deceased with a reasonably safe place to work in. There was ample evidence to go to the jury that the defendants were aware of the unsafe condition of the elevator. They had both actual and constructive notice of that condition, and they had had ample time before the accident to remedy the defects, and to make the elevator safe. It was concededly the rule of their house that the elevator employés should clean the elevator shafts on Saturdays, and the defendants were bound to exercise reasonable care to prevent the elevators from falling upon these employés while they were so engaged in the performance of that duty. The real question is that upon which the nonsuit proceeded. We think that also is free from doubt. It is well settled that dangers which can be mitigated or avoided by reasonable care on the part of the master are not incident to the business. Leland assumed no other risk save that ordinarily incident to operating such an elevator. He did not assume the risk of its getting and remaining out of repair, where the defects were known to his employers, and the latter failed to remedy them. Meehan v. Judson, 43 App. Div. 46, 59 N. Y. Supp. 578. The risk here was not obvious. In fact, there was little or no risk, while the elevator was in proper condition, in the performance of the particular duty. The risk was caused solely by the master's negligence in permitting it to become dangerous. The rule, under the circumstances here disclosed, limits the employé's contributory negligence to acts which are inevitably or imminently dangerous. Hawley v. Railway Co., 82 N. Y. 372; Patterson v. Railroad Co., 76 Pa. St. 389. There was nothing in the situation or in the circumstances immediately attending the operation of the elevator suggestive of inevitable or imminent danger; nothing, indeed, suggestive of danger at all. Leland had, in fact, no reason, upon the morning in question, to refuse to comply with the defendants' rule. That rule, while in force, amounted to an express

order to clean out the shaft; and it was not only an order, but, in effect, an assurance that the order could be safely executed, and, consequently, that the elevator was in ordinary condition, and reasonably safe. Then, too, Leland knew that the defendants permitted its daily use, and trusted to it the lives of hundreds of their customers. It is true that he also knew that it was in the habit of sagging slightly, and that it had actually fallen upon a previous occasion. He had good reason to believe, however, that it had been repaired,—sufficiently, at least, to prevent a recurrence of the latter incident. He was not a skilled workman, and he could not tell from observation whether the machine was in good working order or not. Before commencing to clean out the shaft, he took the elevator up to the sixth floor, where it seems to have remained stationary, and without incident, for some 15 minutes. It then descended suddenly, and with a crash. The deceased looked up, shouted, and tried to get out; but the fall was too rapid for him, and he was crushed. The reasoning of Chief Judge Ruger in McGovern v. Railroad Co., 123 N. Y. 287, 288, 25 N. E. 373, is directly applicable to these facts, and it furnishes a complete answer to the points taken by the respondents below and upon this appeal. The plaintiff made out a prima facie case for presentation to the jury upon all relevant questions, and the nonsuit was erroneous.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.