HERBERT F. HOELTER, Respondent, *v.* JOHN B. McDONALD and
ANDREW ONDERDONK, Appellants.

*Negligence — injury from an engine, on temporary tracks used in the construction
of a reservoir, toppling over — duty of the master to keep the tracks in good
condition.*

In an action to recover damages for personal injuries, it appeared that the
defendants were engaged in constructing a reservoir and for this purpose had
built a temporary railroad; that on the day of the accident, the plaintiff, who
was an engineer in their employ, was directed to take a dummy engine and push
a train of cars up a hill; that after reaching the top of the hill, the plaintiff
detached his engine from the train and started to back it down the hill; that
after the engine had traveled from 100 to 150 feet at the rate of two or three
miles an hour, it toppled over without any apparent reason, causing the plain-
tiff to sustain serious injuries.

The railroad was perfectly straight at the place of the accident, but the evidence
tended to show that the rails were of different sizes; that the ends thereof
were from two and a half to four inches apart; that there was a drop of about
two inches from the rail on the uphill side to the one below it, and that the rail
on the side towards which the engine toppled was three or four inches lower
than the one on the other side.

The engine was manufactured and sold by a reputable corporation and was of
the type of engines commonly used in such work. It differed, however, from
the other engines used by the defendants, in that it did not carry its weight as
near to the track as did the other engines.

The plaintiff had only operated engines upon the railroad a few times and had
never operated the engine in question before the day of the accident. He
testified that in running the latter engine over the track before the accident, he
noticed that the track was a little shaky, but said that he did not know the
condition of the track at the point where the accident occurred.

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be
affirmed;

That the evidence justified a finding that the plaintiff had used reasonable care
and that the defendants were guilty of negligence;

That, if the condition of the track was due to the negligence of a track walker,
this would not relieve the defendants from liability, as the track walker's negli-
gence in this respect would be that of the defendants.

APPEAL by the defendants, John B. McDonald and another, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Kings on the 7th day of
February, 1902, upon the verdict of a jury for $6,250, and also
from an order entered in said clerk's office on the 21st day of

February, 1902, denying defendants' motion for a new trial made upon the minutes.

*James A. Dunn*, for the appellants.

*James C. Cropsey* [*F. W. Catlin* with him on the brief], for the respondent.

WOODWARD, J.:

The defendants are contractors with the city of New York for the excavation and construction of the Jerome Park reservoir, and the plaintiff was an engineer in their employ, being engaged in running a stationary engine or pump, with occasional duties calling upon him to operate what is known as a "dummy" engine in drawing or pushing cars over a construction line of railroad. On the 23d of June, 1901, a locomotive engine known as the "Josephine" (which was shown to have been manufactured and sold by a reputable corporation, and which was of the type of engines commonly used in work of this character, although it was in evidence that this particular engine carried its water tank as a saddle over the boiler, and that the weight was not carried quite so low as in some of the other engines used by the defendants in this work) was placed in charge of the plaintiff, who was directed to use the same in pushing a train of cars, drawn by another engine, up a certain hill. There was a double track, and the train, with its drawing engine, was upon one of these, while the plaintiff, with the "Josephine," was upon the other in the rear of the train pushing. When he had reached the top of the hill the plaintiff detached his engine from the train and reversed his position in the cab, and started to back his engine down the hill. After running his engine from one hundred to one hundred and fifty feet in this manner, traveling, as he says, at the rate of two or three miles an hour, it suddenly and without any apparent reason left the track, toppled over, and the escaping steam scalded the plaintiff in a serious manner, for which he now seeks recovery. There was evidence from which the jury might properly find that the track in use was constructed of rails of different sizes at the point of the accident; that the joints or ends of the rails were from two and one-half to four inches apart; that there was a drop of about two inches from the rail on the uphill side to the

one below it, and that the rail on the left-hand side, in which direction the engine toppled, was three or four inches lower than the one on the other side, the point of the accident not being upon a curve, and that the track was shaky. If these facts are true it will be seen that an engine of the type of the "Josephine," carrying its weight well up in the air and without any weight of cars attached to hold it down, would be quite likely in going down grade to topple over on falling from a rail two inches or more on the one below it, and especially as that side of the track was already three or four inches lower than the opposite track. While it is not proper, viewing an accident in the light of what has happened, to hold the defendants liable for not taking extraordinary precautions, the duty is imposed upon them of exercising reasonable care to provide their servants with a reasonably safe place in which to perform their labors, and if the facts and circumstances were such that a reasonably prudent man would or should have foreseen that an accident was likely to happen by reason of the defects in this roadway, the plaintiff is entitled to recover damages unless the danger was known or was so obvious that he, in the exercise of ordinary diligence, was bound to know of the danger, in which case he would be deemed to have accepted the risk. (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459, 468, 469.) While the distinction between contributory negligence and the assumption of known or obvious risks, as pointed out in the case above cited, was not clearly marked in the case now before us, the issues were submitted to the jury under a charge to which the defendants took no exception, and we are of opinion that the verdict of the jury is supported by the evidence. It was shown that the plaintiff had only been employed a comparatively few days, at odd times, in operating any locomotive for the defendants, and that he had never operated the "Josephine" before the day of the accident. While he testifies that in running his engine over the track before the accident he had noticed that it was a little shaky — that is, that it moved sideways — he says that he did not know the condition of the track at the point where the accident occurred, and we do not find that he had ever run the engine down the hill on the track in question, and, as explained by the expert engineer, the danger would not manifest itself in going up the hill. It is true, of course, that this was a mere temporary

railroad, to be used in the work of construction, and the plaintiff would be deemed to have accepted the ordinary risks incident to a railroad which it was not to be expected would be fully ballasted, but the master did owe the duty of exercising reasonable care to provide a reasonably safe place in which the plaintiff might labor. The plaintiff is not to be presumed to have accepted risks which were not known to him or which were not obvious. He had a right, in the exercise of reasonable diligence on his own part, to assume that the master had performed his duty, and the jury, considering the conflicting evidence, must be deemed to have found that the defendants in this case had not exercised that reasonable degree of care which the circumstances warranted and demanded.

We think the evidence is sufficient to justify the inference of reasonable care on the part of the plaintiff. He was running the engine at the rate of two or three miles an hour along a straight track, which he had the right to assume, in the absence of knowledge to the contrary, was reasonably safe for the use to which it was put by the defendants; he had turned around in the cab so as to command a view of the tracks in front of him, and there was little else that he could be expected to do under the circumstances.

The suggestion of the appellants that the condition of the track was due to the negligence of the track walker, a fellow-servant, is without merit; the duty of furnishing to a servant a reasonably safe place in which to work is a duty of the master, and if he leaves that duty to a servant the master accepts the responsibility for the failure of the servant to perform that duty. This is universally supported by the authorities, and they need not here be cited.

We have examined the exceptions called to our attention by the learned counsel for the defendants, but we do not find reversible error; and while the conduct of the plaintiff's counsel does not commend itself, we are of opinion that the learned court fully met the situation, and that the defendants cannot fairly claim to be prejudiced by the facts as they appear in the record.

The judgment and order appealed from should be affirmed, with costs.

Present — GOODRICH, P. J., WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ.

Judgment and order unanimously affirmed, with costs.