LYNCH, Respondent, v. AMERICAN LINSEED CO., Appellant, et al. (Supreme Court, Appellate Division, Second Department. June 10, 1904.) Action by Jeremiah F. Lynch against the American Linseed Company and the Deane Linseed Oil Company. Frederick Hulse (Ernest F. Eidlitz, on the brief), for appellant. Richard J. Donovan (Herbert D. Cohen, on the brief), for respondent.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that the plaintiff assumed the risk which resulted in the injury complained of.

HIRSCHBERG, P. J., votes for affirmance.

HOOKER, J. (dissenting). The plaintiff had a verdict, in this case of servant against master, for the latter's negligence. After working a day and one-half in shoveling linseed in the holds of vessels toward the feet of marine elevator legs employed to unload the seed, the plaintiff, pursuant to direction, undertook to climb down into the hold of one of the vessels. He went down through a hatch into which the marine leg had been projected, took hold of the combing of the hatch with one hand, and steadied himself against the leg with the other, lowering himself until his feet touched the seed. When his chest was opposite the combing, he testified, he tried to step as far away from the foot of the leg as possible into the surrounding area of seed, but did not get far enough away. The suction toward the bottom of the leg was so great that it caught him, and, although a fellow workman endeavored to save him harm, he was dragged into the buckets and seriously injured. The American Linseed Company appeals from the judgment entered on the verdict and from the order denying its motion for a new trial. The appellant claims that the judgment is erroneous, for the reasons that there was no evidence to support the plaintiff's claim of negligence and that as matter of law it should have been held that the plaintiff assumed the risk. The elevator leg consisted of a long rectangular box, in which passed buckets up and down. These buckets, upon an endless chain, turned over a suitable wheel, held by bars of iron projected in the direction of the length of the leg beyond its lower mouth, so that when it was in operation there was nothing to impede the flow into the buckets of the grain surrounding the foot of the leg, and the mechanism at its foot was uncovered and unprotected in any manner. The court submitted the question of negligence to the jury on the theory that there might have been some proper protection by way of ropes stretched around the foot of the leg; iron bars, incasing the lower mechanism, far enough apart so as not seriously to impede the flow of the seed; an iron railing attached near its foot to the leg itself, to afford support to those who descended into the hatch, or a handle to which a laborer might cling in case of accident; or some other similar contrivance which might render the operation of the machinery less dangerous. I think that under the doctrine as evidenced by the following language of the Court of Appeals the case presented a question of fact for the jury to say whether the master had guarded against probable danger, in a case in which that may be done by the exercise of reasonable caution: "We are of the opinion that the questions involved are those of fact, which required a submission to the jury. The measure of the duty which rests upon those who are prosecuting a dangerous business, which is intrinsically hazardous to human life, is not made so definite and clear by the authorities that a person can always readily determine from the facts of a given case whether injuries occur from the

omission of some duty imposed upon the master or from the risks which are incident to the business and assumed by the servant. Employments which are carried on by the aid of machinery and the use of mechanical power, or the movement of large bodies, are generally either dangerous in themselves or are made so by the carelessness of those who are engaged in carrying them on. * * * Those dangers which are known and can be mitigated or avoided by the exercise of reasonable care and precaution on the part of those carrying on the business, and injuries from which happen through neglect to exercise such care, are not incident to the business, and the master is generally liable for damages occurring therefrom. * * * In other words, it is the duty of the master, having control of the times, places, and conditions under which the servant is required to labor, to guard him against probable danger in all cases in which that may be done by the exercise of reasonable caution." McGovern v. Central Vermont R. R. Co., 123 N. Y. 280, 286, 287, 25 N. E. 373. See, also, Freeman v. Glens Falls Paper Mill Co., 61 Hun, 125, 15 N. Y. Supp. 657; Walters v. Fuller Co., 74 App. Div. 388, 77 N. Y. Supp. 681; Benzing v. Steinway and Sons, 101 N. Y. 547, 5 N. E. 449; Gottlieb v. N. Y., L. E. & W. R. R. Co., 100 N. Y. 462, 3 N. E. 344.

The second question raised by the appellant, however, presents a more difficult problem. From his testimony it is clear that, although the plaintiff had worked for the defendant in that line of business only one day and a half, he knew that the seed at the foot of the leg, when the elevator was in operation, was in motion, or, as the learned court in its charge to the jury termed it, "quick with life"; and because he knew there was danger at the immediate foot of the leg, he tried, in descending into the hold of the boat, to step as far away from the leg as possible. Yet I think that whether the risk was obvious, and plaintiff therefore assumed it, or whether it was a risk incident to the employment, of which plaintiff knew or should have known, and therefore assumed, was a question under the evidence fairly presented for the jury's consideration. That body has found in his favor. The court charged the jury, and as far as this proposition is concerned the language must be taken as the law of this case, that the plaintiff was chargeable with notice of the action of the grain, that he knew the grain was quick with life, and that when the space around the mouth was exhausted the seed would move into the exhausted space; that he was chargeable with knowledge of the danger and with knowledge of the fact that he must use reasonable care in keeping away from the mouth of the shaft. If it can be said as matter of law that the plaintiff, at the time of or before the happening of the accident, actually knew that the descent into the hold of this vessel while the machinery was in operation was fraught with so much danger that he was likely to become injured, even with the degree of care he says he was exercising, then he entered upon or continued in the employ of the defendant under the implied contract that he waived claim upon his master for the result

of its habitual or occasional negligence in the prosecution of that particular work. He likewise waived the same if, as matter of law, it could fairly be said that the circumstances were such that he should have known of that danger and appreciated such risk; and the same, whether the risk was obvious or simply one incident to the employment. The Court of Appeals has drawn a distinction between risks incident to the business, and obvious risks, whether incident to the business or otherwise. Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. But in the more recent case of Dowd v. N. Y., O. & W. R. Co., 170 N. Y. 459, 63 N. E. 541, the court seems to obscure distinction between incident and obvious risk. In the case at bar, however, we do not think as matter of law it could be held that the plaintiff assumed an obvious risk. It is true that he knew he should keep away from the foot of the elevator; but he distinctly said he did not know and could not tell how far into the seed the foot of the leg projected. It is clear that, if the whirling buckets were but covered by the seed, the movement of the latter would be more rapid and the place more dangerous than in case the buckets were buried deep in the seed. Natural laws and ordinary human observation will show that the space immediately around the place where the elevator entered the seed might be temporarily entirely safe if the opening was deep enough in the substance. The plaintiff said he did not know how deep the buckets were, and the jury has said that the risk was not obvious. While the plaintiff might know that he should keep away from the place where the leg entered the seed, I can hardly believe that such knowledge was sufficient to impute to him a complete understanding of the risks incident to the business. He had worked but a day and a half at this kind of business, and the jury was justified in finding from the evidence that the plaintiff did not know of the incidental risk. Dowd v. N. Y., O. & W. R. Co., supra; Hoelter v. McDonald, 82 App. Div. 423, 81 N. Y. Supp. 616; Griffin v. Ithaca St. Ry. Co., 62 App. Div. 551, 71 N. Y. Supp. 140; McGovern v. Central Vermont R. R. Co., supra; Pantzar v. T. Foster I. M. Co., 99 N. Y. 368, 374, 2 N. E. 24; Kranz v. L. I. R. R. Co., 123 N. Y. 1, 25 N. E. 206, 20 Am. St. Rep. 716. The question of contributory negligence was properly submitted to the jury, and I think the evidence was sufficient in that particular to sustain the verdict. The judgment should be affirmed, with costs.