requirements of law applicable thereto. If there be any statute, ordinance, or regulation giving him jurisdiction over movable trade fixtures, it has not been brought to our attention, and it is evident that he did not assume to act thereunder.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

(109 App. Div. 722)

BURKE v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. December 15, 1905.)

1. MASTER AND SERVANT—PLACES OF WORK—NEGLIGENCE.
    A railway company is negligent in permitting a hole to remain in a floor over which employés are to pass in the prosecution of their work.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
    Where an employé did not know of a hole in the floor, and was engaged in pulling a truck, walking backward when he was injured, his contributory negligence was for the jury.

3. SAME—ASSUMPTION OF RISK.
    An employé, engaged in pulling a truck without a rope and walking backward, did not assume the risk of a defective flooring in which his foot might catch, of which he had no knowledge.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 551, 584.]

4. SAME—DIRECTION OF FOREMAN.
    Where an employé had no knowledge of any likelihood of his stepping into a hole in the floor and catching his foot, it was for the jury whether he was negligent in obeying the directions of his foreman to pull out a truck.

5. SAME—PROXIMATE CAUSE OF INJURY.
    Where an employé, engaged in pulling a truck, was injured by his foot catching in a hole in the floor, his failure to use a rope in pulling the truck cannot be said to be the proximate cause of the injury.
    Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by John Burke against the Manhattan Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

John F. McIntyre, for appellant.
Lyman A. Spalding, for respondent.

HOUGHTON, J. This is an action by an employé for the loss of a foot crushed under the wheel of a motor truck, used for transporting cars, being moved by hand from its shed to the main track at the defendant's Lexington Avenue yard. The accident happened the first morning of plaintiff's employment. During the first hour or so of the forenoon he had been engaged, with others, in moving trucks at what is called the "West Yard," under direction of a foreman. The usual mode of moving these trucks, which weighed nine or ten tons, was to attach a rope about 30 feet long, by which some of the men pulled; others pushing behind. The foreman moved the gang to the East yard without taking the rope, and plaintiff was sent back to bring it, which he did.

The plaintiff testifies, and he is corroborated by other witnesses, that the foreman directed the men to open the door of the shed and haul out a truck without directing that the rope be attached. This the men proceeded to do; some pushing at the rear and the sides, and the plaintiff and another pulling at the front, walking backwards. When the car had been moved 20 or 30 feet from the shed, plaintiff's left foot caught in a hole in the floor of the yard, which is 25 or 30 feet above the ground; its floor being composed of slats ordinarily about half an inch apart. He was unable to extricate it, and was thrown down by the movement of the truck, and before it could be stopped a wheel passed over his right foot, crushing it so that amputation was necessary. There was evidence sufficient to justify the jury in finding that the hole in which plaintiff stepped, and in which his foot was wedged so as to tear the sole from his shoe, was three or four inches wide and several feet in length, and had existed for some time; and they therefore had the right to say that the defendant was negligent in not providing the plaintiff with a reasonably safe place in which to work.

A floor to the structure having been provided, upon which employés were expected to pass to and fro in the prosecution of their work, it was incumbent upon the defendant to make it reasonably safe, and keep it free from such defects as might reasonably be expected to produce injury. The yard was filled with tracks, upon which cars were expected to be moved, and one of the defects which defendant was bound to guard against was holes in the floor in which employés might be caught, and thus be put in peril of a moving car, or through which they might fall to the ground below. The plaintiff did not know of the hole, and if he was engaged in the proper discharge of his duties in pulling on the truck in front without the rope, walking backwards as he was, his contributory negligence was for the jury, and their conclusion in his favor should not be disturbed.

It is urged, however, that the plaintiff assumed the risk of injury by pulling on the car without the rope. This, in a sense, is true. He assumed the risk of slipping or stumbling from any ordinary cause, or from any awkward or feeble movements on his part which might cause him to fall. He did not, however, assume the risk of a defective flooring in which his foot might be caught and held, and of which he had no knowledge, either by warning or from observation. The situation here is quite different from that presented in Sheehan v. Standard Gaslight Co., 87 App. Div. 174, 84 N. Y. Supp. 34, upon which appellant relies. In that case the defendant had provided its employés with a perfectly safe place and appliance, which became dangerous only from the manner in which the employé used it. The defendant's foreman testified that he warned plaintiff against pulling in front of the car without the rope. But plaintiff denied this, and testified that the foreman directed all of the men to pull out the car without the rope being attached. The plaintiff had no knowledge that there was any likelihood of his stepping into a hole and catching his foot so that he could not get out of the way of the slow moving truck, and hence it became a question of fact for the jury to determine whether or not he was guilty of contributory negligence in obeying

the directions of his superior. Hawley v. Northern Central Railway Co., 82 N. Y. 370; Griffin v. Ithaca Street Ry. Co., 62 App. Div. 551, 71 N. Y. Supp. 140; Leland v. Hearn, 49 App. Div. 111, 63 N. Y. Supp. 204.

But it is said that the hole was not the proximate cause of the injury, but rather the failure to use the rope, and that, the master having provided a rope for use, the omission of the superintendent to direct it to be used was the negligence of a co-servant, and hence that, as matter of law, plaintiff was guilty of negligence in attempting to haul the truck, as he did, before the rope had been attached. The case of Vogel v. American Bridge Co., 120 N. Y. 373, 73 N. E. 1, is relied upon for this position. We think it does not apply. There the master provided a sufficient supply of rope suitable for the work. The foreman determined that a defective rope was strong enough. It was held that the master was not liable for this error in judgment of its foreman, since there had been no neglect in the selection of a competent foreman and in making reasonable provision for safe execution of the work, because the risk of injury from an error of judgment of the foreman was one of those assumed by the employé as incidental to the execution of the work in its details. The difficulty in applying this rule to the present case is the hole in the floor in which plaintiff caught his foot. That hole was not an incident to or a detail in the performance of the work in which the plaintiff was engaged. If there had been a good and bad rope, and the defendant's foreman had selected the bad one instead of the good, and the plaintiff had fallen in front of the truck from the breaking of the rope, the rule would apply. Here the proximate cause was the existence of the hole. It is mere speculation to say that if the rope had been attached, and the plaintiff had caught his foot, as he did, it is likely the truck could have been stopped before it reached him, because he would have been further away from it when he fell. It is very possible that this is so, but this does not make the failure to use the rope the proximate cause of the accident.

In summarizing the general doctrines with respect to proximate and remote cause, Thompson, in his Commentaries on Negligence (volume 1, § 56), says:

"The true course of reasoning is to consider whether the negligence of the defendant was the efficient cause of the injury. If so, the court will not speculate as to whether or not some other cause might also have produced it. On the other hand, the view that the injury must be solely caused by defendant's negligence, and that it is not enough that it should be essentially so caused, is a plain mistake."

The defendant sought to show the necessity of the hole to enable the trucks to round a curve. But it appeared that the top of the rail was 2½ inches above the slats, and that the flange of a wheel projected only an inch and a quarter. There was, therefore, no occasion for any wide opening between the slat and the rail. In our view there were no errors committed upon the trial, and the evidence presented proper questions of fact for the jury, and we see no reason for disturbing their conclusions thereon.

The judgment and order should be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.