JAMES McGUIRE, Appellant, *v.* ELIZA G. BOARD, Respondent.

*Contributory negligence — use of an elevator known to be defective.*

A person engaged in delivering ice to the tenants of an apartment house by means of a dumb waiter, who, when using the dumb waiter for the first time, notified the janitor that the bottom was rotten and was likely to pull out, and who continued to use the dumb waiter every day except Sunday for three weeks thereafter, is guilty of contributory negligence, as matter of law, which will preclude him from recovering damages from the landlord for injuries sustained by him, at the end of the three weeks, in consequence of a piece of the bottom pulling out while he was in the shaft for the purpose of pulling down the dumb waiter.

O'BRIEN, J., dissented.

APPEAL by the plaintiff, James McGuire, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of October, 1900, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*J. Brownson Ker*, for the appellant.

*Western W. Wager*, for the respondent.

McLAUGHLIN, J. :

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence.

The defendant was the owner of an apartment house in the city of New York, in which was located a dumb waiter for the use of tenants in the building. The plaintiff was a retail dealer in ice, and about three weeks prior to the day of the accident he first went to the defendant's building for the purpose of supplying one of his customers with ice. The dumb waiter was then pointed out by the janitor of the building, and as soon as the plaintiff saw it he noticed that the bottom of it was rotten and that the wood was worn around the screws holding a portion of the bottom in place; to which fact he called the janitor's attention, at the same time informing him that it was dangerous to use it. He testified, referring to this interview : " Q. You said that you told him it was dangerous also ? A. Yes, I told him it was dangerous. Q. Well, now that was the first day that you went there that you told him it was dangerous? A. Yes, sir. Q. Because it was rotten ? A. Yes, sir. Q. What made you think it was dangerous? A. I saw it was; that the bottom of it was rotten. Q. And you thought it would pull out? A. Yes, sir. Q. That was the idea? A. Yes, sir, I continued to use that dumb waiter every day except Sunday from the first time that I went there, three weeks before the first of October, 1897, until and including the first of October, 1897."

He further testified that " From the first day I went there up to the first of October, 1897, the bottom of this dumb waiter that I have described as being rotten was never replaced by any new bottom, nor were any repairs done on it from the time that I first saw it up to the first of October, 1897."

On the first of October, when the plaintiff arrived at the building, he found that the dumb waiter was at or near the third floor. He stepped into the shaft beneath the dumb waiter, took hold of the rope operating it and commenced to pull it down, when a piece of the bottom " pulled out " (as he had three weeks before pre-

dicted that it would), fell and struck him on the head inflicting a serious injury.

At the close of plaintiff's case, upon motion of defendant's counsel, the complaint was dismissed, and from the judgment thereafter entered the plaintiff has appealed. We are of the opinion that the judgment should be affirmed. There was sufficient evidence to establish defendant's negligence, but this alone did not entitle the plaintiff to recover. In addition to this, he had to establish that he himself was free from negligence contributing to the injury which he sustained. This he did not do. On the contrary, it appears from his own testimony that with full knowledge of the dangerous and defective condition of the dumb waiter, he continued to use it every day for three weeks prior to the accident; and that on that day he had no reason to suppose that its condition had been changed in any way, or that any repairs had been made upon it. He not only knew its condition but he also appreciated the danger of using it in such condition, because he informed the janitor when he first saw it, that the bottom was liable to pull out, and this is just what did occur. Yet, notwithstanding his knowledge of its defective and dangerous condition, he got into the shaft, directly underneath the dumb waiter, and in such a position that if anything did " pull out " and fall it could not help but hit him. Under such circumstances we think the court was justified in holding as a matter of law that the plaintiff was guilty of contributory negligence.

It follows that the judgment appealed from must be affirmed, with costs.

Van Brunt, P. J., Patterson and Ingraham, JJ., concurred; O'Brien, J., dissented.

O'Brien, J. (dissenting):

I dissent. To hold that the plaintiff was guilty of contributory negligence as matter of law, it must be presumed that he knew on the day of the accident that the dumb waiter was defective and out of repair. He could not see it that day for the reason that it was up three stories in a shaft and he was below. Whether he was guilty of contributory negligence, therefore, depends upon whether the presumption is to be drawn that, as matter of law, he must have known on the day of the accident that the condition of the dumb

waiter was the same then as when he saw it on his prior visits to the house. Was he chargeable with knowledge that the defendant, after notice, had neglected and refused to perform his duty to repair it ? The plaintiff, as stated, could not see its condition on that day, and even if he was bound to recall the defects which he saw on his former visits, was he bound to presume, as matter of law, that these had not been removed ? I think not, and, therefore, dissent. Under the circumstances, I think that the question of contributory negligence was purely one of fact.

Judgment affirmed, with costs.