(74 App. Div. 1.)

SMITH v. KING et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

MASTER AND SERVANT—UNSAFE APPLIANCES—KNOWLEDGE OF RISK—QUESTION
FOR JURY—EVIDENCE.

> Plaintiff, a boy of 18 years, was at work for defendant, when the cart with which he was working tipped back, knocking him down. Defendant furnished the cart and harness, which had no girth passing under the belly of the horse. Plaintiff called defendant's foreman's attention to this defect, and asked for a piece of rope. He told plaintiff to go on with his work, calling out that there was another driver there to go in for a load of gravel, and to take his cart out. While plaintiff was obeying this order the accident occurred. *Held* error to direct verdict, as the question of assumption of risk was for the jury.

Appeal from special term, Nassau county.

Action by Nicholas Smith, by his guardian ad litem, Catherine Smith, against Jose Barre King and another. From an order setting aside a verdict in favor of plaintiff and directing a verdict for defendants, and from a judgment entered on such order, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Grosvenor Nicholas, for appellant.

Herbert C. Smyth (Edward P. Mowton, on the brief), for respondents.

WILLARD BARTLETT, J. This is an action for negligence in which the trial court submitted the case to the jury, and, after a verdict of $500 had been rendered in favor of the plaintiff, entertained a motion to set aside the verdict upon a stipulation that, should the court decide to grant the motion, a verdict in favor of the defendants might thereafter be directed, with the same force and effect as though the jury were present. This motion was subsequently decided in favor of the defendants, and a verdict was directed, upon which judgment was entered accordingly. From the order and judgment, the plaintiff now appeals.

The plaintiff was injured while at work with a horse and cart, moving gravel for the defendants, who furnished the vehicle and harness which he employed. There is some question as to whether he was in the service of the defendants or of a truckman named Lannon, who was also employed by the defendants at the time of the accident, and through whose instrumentality the plaintiff was called upon to go to work for them. I think, on the whole evidence, however, that the jury would have been justified in finding that the relation of master and servant existed between the defendants and the plaintiff at the time he was hurt. See Baldwin v. Abraham, 57 App. Div. 67, 74, 67 N. Y. Supp. 1079.

The plaintiff appears to have been injured in consequence of the fact that the harness which the defendants furnished for his use was not provided with a girth passing under the belly of the horse so as to prevent the cart from tipping backward and throwing the shafts up. Ac-

cording to his testimony, he called the attention of the defendant's foreman to this defect, and asked him for a piece of rope. The foreman said he had none, and told the plaintiff to go on with his work. The plaintiff then proceeded to pull out the tailboard, when the shafts flew up, and the cart hit the plaintiff on the side, throwing him down upon a scow, and breaking his leg. In setting aside the verdict the learned trial judge said that he did not see how the plaintiff could prevail under the law, and cited the case of McGuire v. Board, 58 App. Div. 388, 68 N. Y. Supp. 1026, indicating that in his opinion the recovery could not be upheld because the plaintiff knew the condition of the harness and appreciated the danger of using it in that condition. The difficulty with adopting this view arises from the absence of evidence in the present case that the plaintiff had any such knowledge of the danger which he would incur by continuing to use the harness as it was so as to render him chargeable with contributory negligence as matter of law. He was a lad 18 years of age, and up to the time of the accident nothing had occurred to warn him of the probability that the cart would tip back in the manner it did. Furthermore, although he was undoubtedly aware of the absence of the girth, or of a rope such as is sometimes used to fulfill the same purpose, he was acting, to some extent, under constraint in going on with his work at the time when he was hurt. The defendants' foreman, whom he had asked for a piece of rope, called out to him that there was another driver there to go in for a load of gravel, and this foreman shouted to the plaintiff to take his cart out. He could hardly have reasonably been expected to refuse obedience to this order under such circumstances; and the case, therefore, seems to fall within that class of decisions in which it has been held that it is not to be deemed conclusive evidence of contributory negligence that a plaintiff continues to employ unsafe appliances when he does so by the express orders of the defendant, and is not fully aware of the effects to be expected from obeying such orders. See Hawley v. Railway Co., 82 N. Y. 370; Kain v. Smith, 89 N. Y. 375, 385.

Upon a consideration of all the evidence, I am not satisfied that this is one of the exceptional cases in which it can be held that contributory negligence has been so conclusively established that nothing is left, either of inference or of fact, to be determined by a jury. Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626. I am therefore of the opinion that the judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur.