(85 Misc. Rep. 1)

### COOPER v. FLEISCHMAN.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. MASTER AND SERVANT (§ 88*)—THE RELATION.

　　Whether plaintiff was in defendant's employ, permitting him to charge defendant with an employer's liability, or that of a corporation using defendant's name, depends, not on whether his services were obtained for the benefit of the corporation, or whether defendant was at the time the agent of the corporation, but on whether defendant personally engaged him and assumed personally the obligations of an employer.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–151; Dec. Dig. § 88.*]

2. EVIDENCE (§ 598*)—WEIGHT AND SUFFICIENCY—NUMBER AND CREDIBILITY OF WITNESSES.

　　Though the testimony of plaintiff, in a servant's action, is uncorroborated, and that of defendant is corroborated, by another employé, the jury may reasonably accept plaintiff's version of the accident, there being circumstances rendering plaintiff's story probable, and others whom defendant could have called as witnesses.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

3. MASTER AND SERVANT (§§ 127, 235*)—INJURY TO SERVANT—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—REPAIR AND USE OF LADDER.

　　An employer, on his attention being called by an employé to defects in a ladder, having assumed to repair it, and repaired it so that its infirmities are hidden, but not cured, can properly be held negligent; and

---

the employé should not be held guilty of contributory negligence in thereafter using it.

[Ed. Note.—For other cases, see **Master and Servant**, Cent. Dig. §§ 252, 710–722; Dec. Dig. §§ 127, 235.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by George Cooper against Joseph Fleischman. From an order setting aside a verdict for plaintiff, plaintiff appeals. Reversed and verdict reinstated.

See, also, 142 N. Y. Supp. 355.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Henry Hoelljes and William J. Carey, both of New York City, for appellant.

Rosenthal & Heermance, of New York City (Clayton J. Heermance, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff was injured by a fall occasioned by the breaking of a ladder. The plaintiff, under the issues raised by the complaint, was required to show that at the time of the accident he was in the defendant's employ, and that the accident occurred through the defendant's negligence. The jury rendered a verdict in the plaintiff's favor, after a fair and full charge by the trial justice. Thereafter the trial justice set aside the verdict upon the ground that it was against the weight of evidence.

[1] Upon the first issue, the plaintiff testified that the defendant engaged him personally, that the defendant never disclosed that he was acting as agent for a corporation, and that he was at all times in apparent control and ownership of the premises where the plaintiff worked. On the other hand, the defendant showed that he was merely the manager of a corporation that controlled the premises, though he permitted the corporation to use his name in connection with the business. He further testified that he told the plaintiff that he was employing him for the corporation, and that plaintiff had at all times notice to this effect. If the plaintiff is bound to show, not only that the defendant employed him, but that the defendant obtained the benefit of his services, then in my opinion the verdict was clearly against the weight of evidence, for there is no doubt in my mind but that the corporation was actually the owner of the business, and received the benefit of the plaintiff's services. While these facts would, in my opinion, be sufficient to permit the plaintiff to show that the corporation was responsible for all the acts of the defendant as the defendant's actual, even if undisclosed, principal, still if the defendant actually engaged the plaintiff, and entered into a personal contract with him, the plaintiff has, I think, a clear right to regard the defendant as his actual employer, and to look to him to carry out all the obligations of the relationship which the defendant chose to personally assume, including those obligations of reasonable care which the law imposes upon an employer. The mere fact that the plaintiff's services were

obtained for the benefit of a third person cannot change the fact that he was actually in the defendant's employ, if the defendant personally engaged him, and assumed direction of his activities under his personal contract. The issue of whether or not the plaintiff was in defendant's employ consequently does not depend upon the question of whether in fact the defendant was at this time the agent of the corporation, but rather upon the question whether the defendant did not assume personally the obligations of an employer, and upon this issue there is a plain question of fact, which the jury could properly determine in plaintiff's favor.

[2] Upon the issue of negligence the plaintiff testified in effect that on the day before the accident the defendant furnished him with only one ladder, and that that ladder was insecure. He called the defendant's attention to the need of repairing the ladder. The defendant promised him to repair it, and ordered him to come to work the next morning. He also testified that the defendant told him that he did have the ladder repaired. The next morning the plaintiff found the ladder, and found that strips of wood had been nailed at the junction of the rungs with the sides. He tested the ladder, but these strips of wood prevented him from determining whether the rungs were properly fastened to the sides. When he ascended the ladder, a step gave way, and precipitated him to the ground. The defendant testified that he furnished the plaintiff with a half dozen sufficient and secure ladders; that the ladder which broke did not belong to him, but belonged to the owner of the building in which the business was situated, and that he not only did not promise to repair this ladder or order the defendant to use it, but he actually ordered him to refrain from using any ladder not owned by the corporation for whom the plaintiff was working, and marked with defendant's name. While the plaintiff's testimony is uncorroborated by other witnesses, and the defendant's testimony is corroborated by another employé, I think that the jury could reasonably and properly accept the plaintiff's version of the accident. Not only are there surrounding circumstances rendering the plaintiff's story probable, but it should not be overlooked that the defendant was in control of the ladder which broke, as well as of any ladders owned by the corporation, and could have produced other witnesses to testify to the condition and ownership of the broken ladder, and to the existence of other ladders marked with his name, if his testimony in this respect is true.

[3] There remains only to consider whether, on the plaintiff's own evidence, he has shown negligence on defendant's part, and the absence of contributory negligence on his own. It seems to me that, even though a ladder is an instrumentality of such an ordinary nature that an employé would usually recognize any infirmity as well as the employer, yet where the employé calls the attention of the employer to defects in the ladder, and the employer assumes to repair it, and does repair it in such a manner that the infirmities are hidden, but not cured, then the employer can properly be held negligent in furnishing an improperly repaired ladder, and the employé should not be held liable for contributory negligence in using the ladder after it has been so repaired.

It follows that there is no valid basis for disturbing the jury's verdict, and the order setting it aside should be reversed, with costs, and the verdict reinstated. All concur.