Louis Sperling, Appellant, *v.* Morgold Garage Corp., Respondent.

*Per Curiam.* Plaintiff appeals from a judgment entered on a nonsuit in an action for damages for personal injuries claimed to have arisen from negligence. The plaintiff, who is a jobber of electrical fixtures, fell when a ladder collapsed which he had mounted to repair an electric light fixture in defendant's garage. This ladder was supplied by the defendant. It was a twelve-foot ladder with a front section and a tail section. Plaintiff noticed that the right leg of the tail section had been completely severed at a point about six feet above the ground, and that the severed ends had been joined and were held together by a vertical metal brace one foot long. Before mounting it, plaintiff shook the ladder, observed the manner in which it had been repaired, thought that " It didn't look exactly strong enough ", and told defendant's president: " I am not going up on that ladder." Defendant's president told him that he had had the ladder repaired and that it was all right, that it would hold two men like the plaintiff, and also that defendant would hold it for him. Relying on the assurance that the ladder had been repaired and was all right, plaintiff ascended it and discovered what was wrong with the illuminating fixture which he purposed to repair. It required running a new electric wire from an outlet in the ceiling about fifteen feet away, under which another ladder was placed which was borrowed from a neighbor. The second ladder was not obtained for the reason that the first ladder was deemed to be unsafe, but due to the fact that the performance of the job was facilitated by the use of two ladders at the same time. Plaintiff used them both, going up and down each as the occasion demanded. As he was about to rehang the fixture that had been removed, and was standing with his feet two steps below the top with his hands uplifted holding the fixture, the ladder commenced to sway, then plaintiff looked down and saw that the right leg of the tail section had buckled; then the other leg broke in half, and plaintiff fell ten feet to the floor, fracturing his pelvis.

Plaintiff has been nonsuited on the ground that he had complete control of the work which he assumed to perform, that he inspected the ladder and discovered that it was dangerous, and was therefore guilty of contributory negligence as matter of law. (*McGuire* v. *Board*, 58 App. Div. 388, affd. 171 N. Y. 672; Restatement, Torts, § 393.)

This case differs, however, from the *McGuire case (supra)*, which was followed by the trial court, in that the repairs which defendant had made to this ladder were not so patently inadequate that it can be held, as matter of law, that plaintiff was duty bound to disregard defendant's assurance of its safety (*Siedentop* v. *Buse*, 21 App. Div. 592; 1 Shearman and Redfield on Negligence [Rev. ed.], §§ 110, 111, pp. 260-266; cf. *Zurich Gen. Accident & Liability Ins. Co.*, 253 N. Y. 324; *Cooper* v. *Fleischman*, 85 Misc. 1).

Under these circumstances, the questions of contributory negligence and of the defendant's negligence (*Stewart* v. *Ferguson,* 164 N. Y. 553) were questions for the jury.

The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.